## Deibert's Appeal.

1. A provision of a will was, " concerning all my wordly goods; * * * after my decease, each of my two children shall have $100, and of the re- mainder they shall yearly draw the interest, or if my trustee shall see proper he shall give them part of the principal. I appoint my brother Reuben as trustee over my goods, and he shall hold all moneys in hand, and take care of the same and interest." *Held*, that the trust was active.

2. Ashhurst's Appeal, 27 P. F. Smith 464; Earp's Appeal, 25 Id. 119, compared.

March 16th 1875. Before AGNEW, C. J., SHARSWOOD, WIL- LIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Orphans' Court of *Lehigh county:* Of July Term 1874, No. 102. In the distribution of the estate of Daniel Deibert, deceased.

The deceased, by his will, provided as follows:—

" And concerning my worldly goods or property, my land, situ- ate in Lowhill township, shall not be sold in six years, except my executor can get $70 per acre, then he shall sell it. * * * Immediately after my decease, each of my two children shall have $100, and of the remainder they shall yearly draw the interest— or if my appointed trustee shall see proper, he shall give them part of the principal sum. * * * I appoint my brother, Reuben Deibert, as trustee over my goods, and he shall hold all moneys in hand, and take care of the same and the interest. And concern- ing my personal property, my hereinafter-named executor shall, after a suitable time after my decease, sell the same at public vendue. * * * I also appoint my brother, Reuben Deibert, as the executor of my last will and testament."

The testator left two children, Sally Ann Dornblaser and Michael Deibert.

By the settlement of the executor's account, there appeared to be in his hands a balance of $1337.75, the whole of which was the proceeds of personal estate, the real estate not having been sold.

A. Woolever, Esq., was appointed auditor to make distribution.

The auditor being of opinion that the testator died intestate as to the personal property, distributed it between the testator's two children.

Exceptions were filed to his report, and, after argument, the Or- phans' Court (Longaker, P. J.) holding that the bequest was a dry trust, confirmed the auditor's report.

The trustee appealed to the Supreme Court, and assigned the decree of the Orphans' Court for error.

*R. E. Wright, Jr.* (with whom was *R. E. Wright*), for appellants. —The trust was active: Barnett's Appeal, 10 Wright 392; Earp's Appeal, 25 P. F. Smith 119; Shankland's Appeal, 11 Wright 113; Dodson *v.* Ball, 10 P. F. Smith 493; Rife *v.* Geyer,

[Deibert's Appeal.]

9 Id. 393 ; Wells *v.* McCall, 14 Id. 207 ; Ogden's Appeal, 20 Id. 501 ; Yarnall's Appeal, Id. 335.

*E. G. Swartz* (with whom was ―――― *Butz*), for appellees.—A simple trust gives to the *cestui que trust* the right to the possession, &c., of the property : Dodson *v.* Ball, 10 P. F. Smith 492 ; Freyvogle *v.* Hughes, 6 Id. 230 ; McBride *v.* Smyth, 4 Id. 250. " Whenever the entire beneficial interest is in the *cestui que trust*, without restriction as to the enjoyment of it, there is no reason why it should not be regarded as actually executed :" Rife *v.* Geyer, 9 P. F. Smith 396 ; Megargee *v.* Naglee, 14 Id. 216 ; Nice's Appeal, 14 Wright 143. " A devise in fee with condition that it shall not be liable for the debts of the devisee, is repugnant to the estate devised as a condition not to alien :" Keyser's Appeal, 7 P. F. Smith 236 ; Yarnall's Appeal, 20 Id. 335 ; Ogden's Appeal, 20 Id. 501.

Mr. Justice Sharswood delivered the opinion of the court, October 12th 1875.

This case is not to be distinguished from Earp's Appeal, 25 P. F. Smith 119, and Ashhurst's Appeal, 27 Id. 464. The corpus or legal title is in the trustee : " I appoint my brother, Reuben Deibert, as trustee over my goods, and he shall hold all moneys in hand and take care of the same and the interest." What is given to the two children is merely the interest ; " they shall yearly draw the interest." Some doubt might arise if the case rested there ; for as the estate of the beneficiaries is not expressed to be for life, and there is no bequest over, it might be said that the absolute bequest of the interest would carry the principal, as a devise of the rents and profits does the land. But here this consequence is precluded by the direct provision of the will ; an expression of the intention of the testator which, as it is perfectly lawful, cannot be disregarded. He says : " If my appointed trustee shall see proper he shall give them (the children) part of the principal sum." It is evidently implied that they are not to have the whole, but only such part as the trustee saw fit. That is submitted to his discretion. The trust must be upheld as an active one to effectuate this intention.

> Decree reversed, and record remitted that a decree may be entered below conformably to this opinion. The costs of this appeal to be borne by the estate.