In re Estate of Michael Krebs, deceased.    Appeal of J. George Krebs.

*Will—Trust—Conditional gift.*

If a testator in one part of his will gives to a person an estate of inheritance in land, or an absolute interest in personalty, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly.

Testator by his will directed as follows: "It is my will that after the death of my wife, all the property real and personal then left by her shall be divided in equal parts or shares between my children with the condition that the money loaned to G. [a son] shall be deducted from his share, and with the condition that G. shall only receive the interest of his share, or as much as in times of sickness or accident my executor will give him to meet his wants." *Held*, (1) that G. took an estate in trust and not in fee; (2) that the discretion given to the executor made the trust an active one.

Submitted Nov. 3, 1897. Appeal, No. 125, Oct. T., 1897, by J. George Krebs, from decree of O. C. Allegheny Co., June Term, 1896, No. 80, in partition proceedings. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition to set aside decree in partition appointing a trustee.

The facts appear by the opinion of HAWKINS, P. J., which was as follows:

The question involved in this matter is whether or not an active trust was created by the will of Michael Krebs, in respect of the share given to his son, George, in the following clause:

"Fourth. It is my will that after the death of my beloved wife Dorothy Krebs, all the property real and personal then left by her shall be divided in equal parts or shares between my children, with the condition that the money loaned to George Krebs shall be deducted from his share, and with condition that George J. Krebs shall only receive the interest of his share, or as much as in times of sickness or accident my executor will give him to meet his wants."

This share was allotted in partition to a trustee without objection, and is now held in trust; but it is insisted that this was a mistake, and the court is asked in the present proceeding to declare the trust executed.

It is insisted that because there was in the first instance an absolute devise, and no gift over, George J. Krebs took in fee. If this was all, the conclusions must be conceded; but it leaves out of view the condition attached that he should "only receive the interest of his share, or so much as in times of sickness or accident, the executors may give him to meet his wants." "No principle," said Mr. Justice STRONG, in Sheets' Estate, 52 Pa. 257, "is better settled than that if the testator in one part of his will gives to the person an estate of inheritance in lands, or an absolute interest in personalty, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly. Subsequent provisions will not avail to take from an estate previously given qualities that the law regards as inseparable from it, as, for example, alienability; but they are operative to define the estate given, and to show what without them might be a fee, was intended to be a lesser right." Applying this principle, what was the intent here? There is no doubt of an intent to vest absolutely in George J. Krebs a beneficial estate; but did the discretionary power vested in the executor create a valid restraint upon its use? If this implied an active trust, it did. The creation of a trust, whether temporary or continuous, is entirely consistent with the devise of an absolute

beneficial estate. It is not contradictory of the estate, but a mere qualification of its use, and only establishes a new and consistent relation: Ivory v. Burns, 56 Pa. 300. An impression seems to have somehow arisen that because there is no gift over, there can be no trust; but a gift over is simply a circumstance to be taken into consideration in ascertaining the quantity of the beneficial estate, and is just as consistent with the existence of a trust, as if words of inheritence had been used. All the authorities go to show that there may be an absolute beneficial estate consistently with a temporary or continuous trust. The test of the validity of a trust is a lawful purpose legally declared, and its duration, measured by the accomplishment of such purpose. Apt illustrations of this principle are coverture and spendthrift trusts. Thus in Berg's Appeal, 166 Pa. 113, it was insisted that the testator had used language in the first instance which created a fee simple in the clearest and most unequivocal terms; but because this clause was coupled with the exclusion of the husband, it was held that "the use was absolute, and a trust for coverture only." So in Millard's Appeal, 87 Pa. 457, where trustees were directed to pay the income to testator's nephew, and, in their discretion, the corpus, from time to time, and there was no gift over, the court said that the plain intent was to give "the entire beneficial interest to his nephew, . . . . and at the same time prevent the fund from being wasted through idleness or intemperance;" and thereupon gave the fund to the personal representatives of the nephew then deceased. So on the other hand, in Sheaffer's Appeal, 8 Pa. 38, where the interest of a fund was given for life to testator's widow without a gift over, the trust was sustained, although the next of kin were held entitled in remainder. The difficulty in the cases has been, not in the existence of power, for that is conceded, but whether or not the language employed was enough to create an active trust? There runs through all of them, however, these distinguishing characteristics, that there shall be substantial duties attached to the use of an estate which require that the legal title be vested in the trustee. Its creation does not depend upon any particular form of words, but upon the plain intent. Among the recognized classes of such trusts is that in which it is left to the discretion of the trustee to withhold or give specified donees trust prop-

erty. If there be a condition precedent to the devise that the trustee shall exercise his power, no interest will pass to the donee until the power be exercised in his favor; and if the trustee refuses or neglects, the gift cannot be enforced by the courts unless it be shown that he was influenced by improper motives: Hill on Trusts, 489. Thus in Pink v. De Thuisey, 2 Mad. 157, a legacy was given "under the condition hereinafter written," and in a subsequent part of the will the executor was authorized to give "the principal, in case he should deem it advantageous to the legatee," the trust was sustained. So in Keyser v. Mitchell, 67 Pa. 473, where an absolute discretionary power was given a trustee over the income, it was held that the donee had nothing until this discretion was exercised. The same principle was recognized in Millard's Appeal, supra. The result of the cases in respect of those trusts which are not executed by the Statute of Uses, is concisely stated in Perry on Trusts, section 305, thus: "If any agency, duty, or power be imposed on the trustee, as by a limitation to a trustee and his heirs to pay the rents, or to convey the estate, or if any control is to be exercised, or duty performed by the trustee in applying the rents to a person's maintenance, or in making repairs, or to preserve contingent remainder, or to raise a sum of money, or to dispose of the estate by sale—in all these, and in other and like cases, the operation of the statute is excluded and the trusts or uses remain mere equitable estates. So if a trustee is to exercise any discretion in the management of an estate, or in the investment of the proceeds or the principal, or in the application of the income; or if the purpose of the trust is to protect the estate for a given time, or until the death of some one, or until division, or until a request for a conveyance is made." It is obvious that title in the trustee is essential to the exercise of the discretionary power to withhold or give an estate: Marshall's Estate, 147 Pa. 77.

Tested by these principles, solution of the question involved here is easy. The executors are in plain terms invested with discretionary power to withhold or give the trust estate. While there is in the first instance an absolute gift, it is coupled with restraint on the manner of its use. The devise is expressly made "with the condition that George J. Krebs shall only receive the interest of his share, or as much as in times of sick-

·ness or accident," the executors "will give him to meet his ·wants." The testator seems, as was said in Hibbs' Estate, 143 Pa. 217, to have foreboded the thriftless character of his son, and therefore substituted the discretion of the trustee as to the manner of use of the estate; and the direction to deduct the money which the testator had loaned George from his share suggests the reason for the declaration of trust in respect of the ·residue which immediately follows. The plain and lawful purpose was to prevent his son from coming to want; and for this ·it was essential that title should be in the trustee. The trust ·was therefore active, and the petition must be dismissed.

The case of Silknitter's App., 45 Pa. 365, upon which petitioner's counsel mainly relied in argument, is plainly distinguishable .from this. All that was decided there was that the direction as to interest was not sufficient to overcome the force of the prior absolute gift: Ritter's Estate, 148 Pa. 577; while here there was an imperative discretion vested in a trustee to withhold or give the estate which made the trust essentially active.

*Error assigned* was decree dismissing petition.

*J. S.* and *E. G. Ferguson*, for appellant.—The devise of the interest of the fund, without the interposition of trustees or direction for investment, without more, vests an absolute estate in the fund in the devisee: Silknitter's App., 45 Pa. 365; Schriver v. Cobeau, 4 Watts, 130; Hellman v. Hellman, 4 Rawle, 441; Willard v. Davis, 3 Penny. 86.

*Henry A. Miller*, for appellee.—No particular form of words and no technical expressions are necessary to raise a trust. Any language from which it is clear that the testator, or settler, intended to create a trust, or to confer a benefit best carried out by means of a trust will suffice, provided that the objects, the property and the way it shall go are clearly pointed out: Underhill on Trusts, 24; Perry on Trusts, sec. 82; Ivory v. Burns, 56 Pa. 300; Berg's App., 166 Pa. 113.

No principle is better settled than that, if the testator in one part of his will gives to the person an estate of inheritance in lands, or an absolute interest in personalty, and in subsequent

passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly: Sheets's Est., 52 Pa. 257.

A trust is not contradictory of the estate, but a mere qualification of its use, and only establishes a new and consistent relation: Ivory v. Burns, 56 Pa. 300; Millard's App., 87 Pa. 457; Van Rensselaer v. Dunkin, 24 Pa. 252; Boies's Est., 177 Pa. 190; Sheaffer's App., 8 Pa. 38; Stambaugh's Est., 135 Pa. 585; Marshall's Est., 147 Pa. 77.

The authorities cited in the opinion of the court below show that this is an active trust, to which authorities we beg to add the following: Lightner's Est., 11 W. N. C. 181; Hemphill's Est., 180 Pa. 96.

PER CURIAM, January 3, 1898:

There is no error in the decree from which this appeal was taken. The question presented by the record has been so satisfactorily and exhaustively considered by the learned president of the orphans' court that further discussion is unnecessary. On his opinion the decree is affirmed and appeal dismissed at appellant's costs.