## Frantz, Appellant, v. Race.

*Will—Trust and trustees—Marketable title.*

Testator directed by his will as follows : "I give and bequeath to my son the farm on which I now live after the death of my wife, the title of said farm to be and remain in the hands of my executors, who are to take charge of said farm at any time when my said son lets the farm, or income thereof is wasted, and the executors to take charge of the farm and pay my son the income or profits therefrom." *Held*, that the son after the death of his mother could not make a good title in fee simple.

Submitted Feb. 24, 1903. Appeal, No. 9, Jan. T., 1903, by plaintiff, from judgment of C. P. Wyoming Co., on case stated

in suit of John Frantz v. Williard R. Race.   Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Case stated to determine the marketable title to real estate.

The court entered judgment for defendant.   Plaintiff appealed.

*Error assigned* was in entering judgment for defendant on case stated.

*James W. Piatt*, for appellant.

*Charles M. Lee*, for appellee.

PER CURIAM, March 9, 1903 :

This issue comes before us on a case stated involving an interpretation of the will of George W. Frantz of Monroe township, Wyoming county.   After making provision for his wife in the first and second clauses of his will, in the third he says : " I give and bequeath to my son John Frantz the farm on which I now live after the death of my wife Sarah M. Frantz, the title of said farm to be and remain in the hands of my executors, who are to take charge of said farm at any time when the said John Frantz lets the farm, or income thereof is wasted, and the executors to take charge of the farm and pay the said John Frantz the income or profits therefrom."

The fifth clause is : " I hereby appoint my friend Wheeler Herdman executor of this my last will and testament."   The testator died in December, 1899 ; his widow remained in possession under the will until April 27, 1901, when she died ; John then went into possession under the will and so remains, but by written articles, on January 5, 1902, he contracted to sell and convey to Willard R. Race, the defendant, deed to be made " conveying a title in fee simple clear of all imperfections in the title."   John tendered to Race a deed purporting to convey the land in fee simple, which Race declined to accept until adjudication of title ; hence this case stated, on which the learned judge of the court below entered judgment for Race, this defendant, and we have this appeal by John.

It would, perhaps, be somewhat difficult to define the exact

nature or extent of John's beneficiary estate but for our present purposes we can say very certainly, what it is not, without being under the necessity of saying exactly what it is.  He had no legal title to the land ; that, by the express directions of the will was to be in the executor, Herdman, and the necessary inference is, from the inapt language, in him as trustee for John. But John was not to remain in the uninterrupted occupation of the farm ; in two contingencies, "if he lets the farm," or "income thereof is wasted " then the executor is to take charge of it, pay the income or profits of it to John.  The trust is very far from being what the law calls a " dry trust."  In two events, either of which might occur, the duty of the trustee was active ; it involved the possession, actual or constructive, of the land, cultivation, collection of rents, payment of taxes and insurance and the keeping up of repairs.  Inferentially, as long as John did not let the farm, or waste the income he was to occupy it, but neither expressly nor inferentially was the title to vest in him during his life.  During his life, therefore, practically he had nothing to convey.

The argument of appellant's counsel, under the rulings in Dodson v. Ball, 60 Pa. 492, and like cases, that this was a " dry trust " and that as John was to have the whole income and profits carried with it to him the land itself, is without force. The trust was an active one ; in certain contingencies, that John might have any income or profits, the executor could, under the terms of the will, take possession by himself or agent. Neither is there any force in the argument that because there is no devise over, at John's death, he must take more than a life estate.  By the will there is no devise of the land to him ; the income and profits are hedged around with a trust, obviously to guard against his mismanagement and improvidence.  We have not reached that point where it is either wise or necessary to determine to whom the land may or shall go at his death ; what estate under his father's will has he to convey during his lifetime, is all we decide now.  As held by the learned judge of the court below he had none.

The judgment is affirmed.