## Shower's Estate.

*Trust and trustees—Active trust—Will.*

Testator gave the income from the residue of his estate to his wife, subject to certain charges. He then directed his executor to have a trustee appointed for one of his two sons and his two daughters. He provided further as follows: "After the death of my wife I direct all my estate then remaining to be divided equally between all my children share and share alike, the trustee or trustees appointed as before provided to receive in trust for my son and daughters before named the share to which they may be entitled respectively and to invest the same as he or they may deem most safe and profitable for my children above named in conformity, nevertheless, with the laws of Pennsylvania regulating and directing the investments and security of the moneys wherein infants or minors have an interest, and further direct the trustee or trustees so to control the shares of my three above-named children and the investments thereof that they, my sons and my daughters may enjoy the interest thereof only but in no way impair or diminish the principal." The other son died in testator's lifetime, leaving one child. Testator then made a codicil directing that the share which he had given absolutely to this son should be invested by the trustee of his other children, the income to be used for the nurture and education of the child, and in case the child should die unmarried and without issue, its share should be divided among testator's other children subject to the same trust provisions as were imposed on their other interests in his estate.

*Held*, that upon the death of the widow the children were not entitled to their shares absolutely, but that the trust was an active one for their lives, and that it was immaterial that there was no gift over, or that the absolute interest first given was restricted by the subsequent trust provision.

Subsequent provisions in a will will not avail to take from an estate previously given, qualities that the law regards as inseparable from it, as, for example, alienability, but they are operative to define the estate given, and to show that what without them might be a fee, was intended to be a lesser right.

A gift of the income of an estate with no limitation over of the principal is an absolute gift of the property or fund itself; but the application of the rule in any particular instance necessarily depends upon the fact whether the testator has employed language in a subsequent part of his will which renders the rule inoperative.

Argued Jan. 17, 1905. Appeal, No. 333, Jan. T., 1904, by Frederick A. Shower, Sarah E. Baxter and Clara Shirk, from decree of O. C. Phila. Co., Jan. T., 1880, No. 351, dismissing exceptions to adjudication in estate of Frederick A. Shower, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Joseph W. Shannon*, for appellants.—This is a trust for those not under disability, to whom the entire beneficial interest is given by the testator, and there is no limitation over upon the happening of an event within the period permitted by the rule against perpetuities. The trust is executed: Culbertson's Appeal, 76 Pa. 145; Shallcross's Est., 200 Pa. 122; Sharpless's Est., 151 Pa. 214; Bayard's Est., 6 Pa. Dist. Rep. 206; Minnich's Est., 206 Pa. 405; Krebs's Est., 184 Pa. 222; Hellman v. Hellman, 4 Rawle, 440; Shriver v. Cobeau, 4 Watts, 130; Williard v. Davis, 3 Penny. 86.

*H. B. Hodge* and *R. L. Ashhurst*, for appellee.—The trust was active: Beck's Est., 133 Pa. 51; Butler v. Butler, 9 Phila. 269; Rife v. Geyer, 59 Pa. 393; Shallcross's Est., 200 Pa. 122; Culbertson's App., 76 Pa. 145; Sharpless's Est., 151 Pa. 214; Silknitter's App., 45 Pa. 365; Frantz v. Race, 205 Pa. 150.

OPINION BY MR. JUSTICE MESTREZAT, March 27, 1905 :

By his will dated February 6, 1873, and probated October 19, 1878, Frederick A. Shower gave the income from the residue of his estate, after the payment of debts and funeral expenses, to his wife, Elizabeth, for life, subject to the maintenance and burial of his two sisters. He then directed his executor to have a trustee appointed for his son, Frederick A. Shower, and his two daughters, Sarah E. Baxter and Clara Shirk, and provided further as follows: "After the death of my wife, Elizabeth, I direct all my estate then remaining to be divided equally between all my children share and share alike; the trustee or trustees appointed as before provided to receive in trust for my son Frederick and daughters Sarah and Clara before named the share to which each may be entitled respectively and to invest the same as he or they may deem most safe and profitable for my children above named in conformity, nevertheless, with the laws of Pennsylvania regulating and directing the investments and security of the moneys wherein infants or minors have an interest, and further direct the trustee or trustees so to control the shares of my three above named children and the investments thereof that they, my son Frederick and my daughters Sarah and Clara may enjoy the interest thereof only but in no way impair or diminish the principal." The testator appointed an executor and authorized him to make such changes in his investments as he deemed proper and to make sufficient deeds for the conveyance of any or all of his real estate and "enjoined him carefully to observe that the trustee or trustees as also the surety or sureties for them continue to be responsible and their estates available for the value of the trust estate reposed on them." By a codicil dated September 11, 1874, the testator directs that the share of his estate to which his son, George, who died after the execution of the will, would have been entitled shall be invested by the trustee of his other children and the interest of such investment shall be used for the nurture and education of George's child, and in case the child should die unmarried and without issue, its share shall be divided between testator's other children subject to the same trust provisions as were imposed on their other interests in his estate.

The testator left to survive him his wife, Elizabeth, and

four children, Edward, Sarah, Clara and Frederick A. Shower, and one grandchild, Ella Shower, daughter of his deceased son, George, who at the time of the audit had attained her majority. His son, Edward, died intestate, unmarried and without issue, April 2, 1883, and his wife died February 25, 1904.

By an adjudication of the first account of the trustee, filed May 11, 1880, the residue of the testator's estate was awarded to the widow for life charged with the payment of the annuities to the testator's sisters, in accordance with the provisions of the will of the deceased. By the death of the widow, the principal of the estate became distributable and the trustee filed another account which was called for audit on May 5, 1904. At the audit it was claimed by the three children of the testator that the trust was a dry or executed trust and that they were entitled to have possession of the corpus of their shares of the fund for distribution. The auditing judge held, however, that the trust was a valid, active trust and awarded the principal of the fund to the accountant in trust for the children. Exceptions to the adjudication were dismissed by the court below and from that decree this appeal was taken by the three children.

It is too plain for argument that unless we disregard the intention of the founder, clearly expressed in his will, we must sustain this trust. The language employed as well as the whole scheme of distribution of his estate as disclosed by the entire will shows conclusively that the three children of the testator, who are the appellants here, were not to have an unrestricted or absolute interest in their shares of his estate. His first thoughts were of his wife and he provides for her. She is given the entire estate for life, subject to the payment of his debts and certain annuities to his sisters. No limitation or restriction whatever is placed upon her interest in the estate, but she was " to enjoy the rents, issues and profits of my real estate and the interest and dividends on all my investments." Before the testator makes any disposition of the residue of his estate after giving a life interest to his wife, he clearly discloses in the next paragraph of his will the fact that for some reason, entertained by him, he regarded three of his four children as incapacitated for the successful control and manage-

ment of property.   He, therefore, directs that his executor have appointed " one or more careful and discreet person or persons as trustees for my son Frederick A. Shower and my daughters Sarah E. Baxter and Clara Shirk."   Having thus made provisions for the protection of the shares of his estate to be given three of his children, he directs " all my estate then remaining " to be divided equally among all his children.   At that time he had four children, a son George, and the three appellants.   George took his share of the estate unfettered and unclogged with any conditions and without the intervention of a trustee, but as to the appellants, the testator added in immediate connection with the gift to the four children, the clause, " the trustee or trustees appointed as before provided to receive in trust for my son Frederick and my daughters Sarah and Clara before named the share to which each may be entitled respectively."   This was a gift of the corpus of the estate to the trustee of the appellants.   He took the legal estate and they, the equitable.   Had the testator stopped here, the trust would clearly have been a dry trust which the statute would have executed and rendered inoperative.   He, however, did not leave the shares of his children thus unguarded and unprotected, but proceeded to throw around their interests in his estate restrictions and limitations manifestly evincive of an intention not only to deprive them of the use of the principal, but also to deny them the free and unrestricted use of the income.   Having placed their shares in the hands of a trustee, the testator then imposed upon the latter active duties in regard to them.   He directs the trustee " to invest the same as he or they may deem most safe and profitable for my children " in certain defined securities.   The next clause of the will is : " and further direct the trustee or trustees so to control the shares that they, my son Frederick and my daughters Sarah and Clara, may enjoy the interest thereof only and in no way impair or diminish the principal."   The testator, therefore, declares in terms that the trustee shall so control the shares of the cestuis que trust that they shall in no way impair or diminish the principal.   They are, therefore, limited to the income, and upon the enjoyment of that the testator has laid a restriction.   The trustee is authorized to invest and receive the income, but he is enjoined so to control the invest-

ments that the cestuis que trust "may enjoy the interest thereof only." The duty, therefore, is imposed upon the trustee to protect the income arising from the shares of the cestuis que trust so that they may receive and enjoy it. To make effective this clearly disclosed purpose of the testator, it is requisite that while the income or interest is in the hands of the trustee it shall not be liable for the debts of the beneficiaries or subject to anticipation by them. If they may dispose of the income before it reaches their hands, or it may be made subject to the payment of their debts by attachment or other process of the law, then it is manifest that the restrictions thrown around the fund by the testator will not have accomplished their purpose, and the intention, as expressly declared in his will, that his children may enjoy the estate he gives them will be defeated. His reasons for the discrimination which he makes between his children we cannot know, but his intention to make such discrimination his will declares. He gave his son George the one fourth of his estate absolutely, but the shares of his other three children, the appellants, he fettered with a trust to the extent that until they had obtained the actual possession of the income the cestuis que trust were impotent to control or dispose of it. The purpose to thus restrict the estate of his three children is further disclosed by the codicil which was made nearly two years after the will. George Shower, his son, had died in the meantime, leaving a widow and one child. The testator in the codicil directs the share which he had given George to be invested by the trustee of his other children and the interest to be used for the nurture and education of George's child, and upon her death, unmarried and without issue, to go over to his three children. He, however, did not give them the share absolutely, as he had given it to George, but "subject to the same provisions as to a trustee as I have hereinbefore mentioned."

It is settled by our cases that an estate of inheritance in real estate or an absolute interest in personalty given in a will may be reduced to a lesser estate if the subsequent language of the instrument unequivocally shows that such was the intention of the testator. "No principle is better settled," says STRONG, J., in Sheet's Estate, 52 Pa. 257, "than that if a testator in one part of his will give to a person an estate of

inheritance of land, or an absolute interest in personalty, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly. Subsequent provisions will not avail to take from an estate previously given, qualities that the law regards as inseparable from it, as, for example, alienability; but they are operative to define the estate given, and to show that what without them might be a fee, was intended to be a lesser right." This language is quoted with approval in Snyder's Appeal, 95 Pa. 174; Good v. Fichthorn, 144 Pa. 287; and Krebs's Estate, 184 Pa. 222.

The appellants contend that as there is no limitation over of the principal and they are all sui juris, they are entitled to the whole beneficial interest or corpus of their shares of the estate, and that there is nothing in the will which can be construed so as to make a spendthrift trust. We concede the rule invoked by the appellants that a gift of the income of an estate with no limitation over of the principal is an absolute gift of the property or fund itself. Its application, however, in any particular instance necessarily depends upon the fact whether the testator has employed language in a subsequent part of his will which renders the rule inoperative. Such is the case here. The testator has explicitly disclaimed the intention of giving the corpus of the estate to the children by declaring that they may enjoy the interest only and in no way diminish the principal. Hence, the rule can have no application here, as it would defeat the intention of the testator clearly disclosed by the language of the will. Nor is the fact that there is no limitation over of the principal sufficient to control the quantum of the estate in the cestuis que trust: Deibert's Appeal, 78 Pa. 296; Krebs's Estate, 184 Pa. 222; Frantz v. Race, 205 Pa. 150. The intention of the testator here to negative the idea that the whole beneficial interest or corpus of the estate was given the cestuis que trust is as clearly disclosed as in Deibert's Appeal where the court speaking through SHARSWOOD, J., says: " What is given to the two children is simply the interest; 'they shall yearly draw the interest.' Some doubt might arise if the case rested there; for as the estate of the beneficiaries is not expressed to be for life, and there is no bequest over, it might be said that the absolute bequest of the

interest would carry the principal, as a devise of the rents and profits does the land. But here this consequence is precluded by the direct provision of the will; an expression of the intention of the testator which, as it is perfectly lawful, cannot be disregarded."

Our conclusion antagonizes none of the decisions of this court and is supported by the two recent cases of Krebs's Estate, 184 Pa. 222, and Minnich's Estate, 206 Pa. 405. In the former, the testator after having given a life estate to his wife, gave all his property real and personal in equal shares to his children " with the condition that George J. Krebs (a son) shall only receive the interest of his share, or as much as in times of sickness or accident my executor will give him to meet his wants." There was no gift over of the principal of George's share. It was held, however, that the trust in respect of it was active and the petition to dismiss the trustee was refused. It was also held, as in Sheet's Estate, 52 Pa. 257, that if a testator in one part of his will gives to a person an estate of inheritance of land, or an absolute interest in personalty, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly. In Minnich's Estate, a son's share of the estate was given to a trustee to invest, and if in real estate to permit him to occupy it, and to pay the taxes and repairs if the son failed to do so, with the provision that the income was not to be in anywise liable for any debts owing by the son nor for any debts that might thereafter be contracted by him. There was no gift over of the real estate, but it was held that a spendthrift trust was created which could not be allowed to be defeated by delivering the corpus of the estate to the cestui que trust.

While the phraseology employed by the testator in defining the interest or estate given the cestuis que trust lacks some of the characteristics of a spendthrift trust, yet we think the language of the will, as pointed out above, conveys a clear intention to make the gift available solely for their own personal enjoyment without the right of anticipation or liability to creditors. Where such appears in the will to the manifest intention of the testator, a spendthrift trust will be sustained, although the testator has not provided in terms that the estate of the

cestui que trust shall not be liable for his debts. In Stambaugh's Estate, 135 Pa. 585, it was held that a spendthrift trust was created where the testator directed that a certain part of his estate should be held for his son by a trustee who should pay to the son the yearly income thereof, and at the death of the son the principal should be paid to his heirs. In the opinion delivered by Chief Justice PAXSON, it is said: " Is this a spendthrift trust? It may be admitted that it lacks some of the usual provisions of such a paper, notably the absence of any clause protecting the income from attachment, etc. If, however, we can gather from the will itself and from the light of the circumstances surrounding the testator at the time he made it, that his intent was to create a spendthrift trust, such intent ought not to be defeated because his conveyancer blundered. . . . When we come to examine this will we find that as to several of the legatees, children of deceased sons, the legacies are given absolutely. . . . But when it comes to the shares of his two sons, Nathaniel and Moses, he places their shares in trust, in precisely the same terms. . . . The latter (testator) had certainly some object in creating this trust for Moses. . . . The mere fact of the gift only of the income, and the interposition of a trustee, implies distrust as to his son. . . . This intent (to create a spendthrift trust) is not to be set aside because it is not clearly expressed by his scrivener." This case is followed and the language quoted by the late Chief Justice GREEN in his opinion in Winthrop Company v. Clinton, 196 Pa. 472 where other decisions are also cited to sustain the principle.

We are of opinion that Frederick A. Shower by his will limited and restricted the use of the estate he gave his three children so that they could enjoy only the income thereof and without the right of anticipation and not subject to the claims of their creditors in the hands of the trustee. It is, therefore, necessary in order to carry out the intention of the testator that the corpus of the estate given the cestui que trust remain in the possession and control of the trustee, and hence, the trust is active and must be continued.

The assignments of error are overruled and the decree is affirmed.