Johnson Estate.

Submitted May 27, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Paul Bedford,* for appellant.

*Gilbert S. McClintock* and *James P. Harris,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, July 6, 1948:

Georgia P. Johnson appeals from the decree of the court below permanently restraining her from assigning, transferring or otherwise disposing of voting trust certificates representing shares of stock theretofore held by her as trustee under the will of Frederick C. Johnson, deceased. The restraining order was entered after a hearing upon petition of Ruth Johnson Thomas, Charles B. Waller, and Second National Bank of Wilkes-Barre, trustees under an *inter vivos* deed of trust executed by Frederick G. Johnson, deceased son of Frederick C. Johnson, and answer thereto. Two issues are presented: (1) Did Frederick C. Johnson give his residuary estate to Georgia P. Johnson in fee simple or merely create a legal life estate with power of consumption for the benefit of herself and their children; and (2) If the estate was not in fee simple, did the power of consumption enable her, without consideration, to transfer the stock in question to an *inter vivos* trust created by her. The court below properly held that the estate created was a legal life estate with power of consumption and that she was without power to so dispose of a portion of the residuary estate.

Frederick C. Johnson died testate March 5, 1913. His last will and testament, dated January 16, 1909, was duly probated and letters testamentary issued to his widow, Georgia P. Johnson, appellant, and The Miners Bank of Wilkes-Barre. Testator was survived by three children, Frederick G. Johnson, now deceased, Ruth Johnson Thomas, and Margaret Johnson Willsea. Item First of the will provided, inter alia: "All the residue of my estate real, personal and mixed of every kind and wherever situate, I give, devise and bequeath to my wife, Georgia P. Johnson, and to her heirs and assigns forever, in trust however to hold, manage and collect the income from said estate care for, distribute and use the same and so much of the principal of said estate as in her judgment it may be wise to use for the benefit of herself during her natural life and for the benefit of our children and other persons whose names I have made or shall make known to her in accordance with my wishes as she has learned them or shall learn them through conversations with me and from memoranda made by me."

Appellant was appointed testamentary guardian of such of the children as might be minors. The first phrase of Item Second stated: "In the event of the death of both my wife and myself at, or about the same time . . ." The remaining portion of the sentence contained numerous bequests of money. Immediately thereafter, but in a separate sentence, testator provided: "I also give, bequeath and devise all my residuary estate (including said Ten Thousand Dollars upon the death of said Mrs. Post) to our surviving children absolutely in equal shares, or to our surviving child should only one survive us, provided however, that said shares shall not be paid over or transferred to the children until they severally reach the age of twenty-four years."

Items Third, Fourth, Fifth and Sixth have no application to the instant case. The will concluded: "Lastly:— I hereby constitute and appoint my said wife, Georgia

P. Johnson, and The Miners Savings Bank of Wilkes-Barre, Pennsylvania, Executors of this my last will and testament and Trustees under the terms thereof."

The final account of the personal representatives was duly filed, audited and confirmed. The Miners Bank of Wilkes-Barre formally resigned as trustee and distribution made to Georgia P. Johnson as sole trustee under the will. Her acceptance of the distribution as trustee was in writing and dated November 7, 1919. A portion of the estate so distributed to her as trustee consisted of 490 shares of stock of the Wilkes-Barre Record Company. The Wilkes-Barre Record Company subsequently merged into the Wilkes-Barre Publishing Company and on March 1, 1939, appellant, as trustee, received 191.1 shares in the voting trust of the Wilkes-Barre Publishing Company in lieu of the 490 shares of stock in the Wilkes-Barre Record Company.

Georgia P. Johnson, on December 6, 1945, executed an *inter vivos* deed of trust wherein she designated herself trustee and purported to assign to herself as trustee thereunder the voting trust certificates issued by Wilkes-Barre Publishing Company which she held as trustee under the will of Frederick C. Johnson. The voting trust certificates which she held as trustee under the will of Frederick C. Johnson were assigned by her to the voting trustees of voting trust certificates of the Wilkes-Barre Publishing Company, thereby permitting new certificates to be issued to her as trustee under her *inter vivos* deed of trust. The 191.1 shares constitute approximately 19 per cent of the total common stock of the Publishing Company and about 10 per cent of the estate of Frederick C. Johnson. The estates to the surviving children, created by her deed of trust and the testamentary trust differ insofar as the quantum thereof is concerned.

The deed of trust of Frederick G. Johnson gave to his trustee any and all rights and interests which he may have under the will of his father, Frederick C. Johnson. His trustees instituted these proceedings to

permanently restrain the transfer of the stock by appellant, asserting that she was without power so to do, and that transfer of the shares would deplete the interests ultimately passing to them upon the death of appellant.

A gift of an estate, absolute in the first instance, may, nevertheless, be diminished if subsequent clauses in a will clearly reveal testator's intention to effect such diminution. The intention of testator as gathered from the words used is the controlling factor: *Byrne's Estate*, 320 Pa. 513, 516, 181 A. 500; *Buechley's Estate*, 283 Pa. 107, 128 A. 730. Consideration must be given to all words used and, if possible, a result reached which is not in disregard of portions of the instrument: *Greenawalt's Estate*, 343 Pa. 413, 21 A. 2d 890; *Chesnut v. Chesnut*, 300 Pa. 146, 151 A. 339; *Wettengel's Estate*, 278 Pa. 571, 123 A. 488. In ascertaining that intention, failure to dispose of the remainder is to be considered as some indication that an absolute estate was intended. However, the fact that there is no limitation over upon death of the first taker does not enlarge a life estate with power to consume into a fee: *Rumsey's Estate*, 287 Pa. 448, 135 A. 119; *Shower's Estate*, 211 Pa. 297, 60 A. 789; *Krebs' Estate*, 184 Pa. 222, 39 A. 66. Cf. *Byrne's Estate*, supra.

Frederick C. Johnson did not intend that his wife, appellant, should receive an absolute fee, but restricted her estate to a legal life estate with power to consume "for the benefit of herself during her natural life and for the benefit of our children. . . ." This intention is clearly shown. Immediately after the gift of the residue to her are the words "in trust however to hold, manage and collect the income from said estate care for, distribute and use the same and so much of the principal of said estate as in her judgment it might be wise to use for the benefit of herself during her natural life and for the benefit of our children. . . ." Thereafter, he appointed appellant "testamentary guardian of such of our children as may be minors, she to serve as such guardian

without giving bond or other security." He appointed appellant and The Miners Saving Bank of Wilkes-Barre "Executors of this my last will and testament and Trustees under the terms thereof." That he intended to create a trust is further evidenced by the second sentence in the second paragraph of the will giving his residuary estate "to our surviving children absolutely in equal shares." Although this clause was included in the paragraph beginning "In the event of the death of both my wife and myself, at or about the same time", he did not by express words dealing with the residuary provisions make the gift contingent on the death of himself and his wife at or about the same time as he did the gifts in the immediately preceding sentence. The court below did not err, under the circumstances, in concluding that the expressed intention was to give to appellant only a legal life estate with power to consume. This conclusion is fortified by the actions of appellant in recognizing herself as trustee in accordance with such construction. Cf. *Emmerich Estate*, 347 Pa. 307, 32 A. 2d 400.

Appellant contends that as a life tenant with power of consumption, she could properly dispose of so much of the principal as she in her sole judgment might deem necessary and proper, and that the transfer in question being for the benefit of their children is, therefore, proper. A life tenant with power to consume, while having unrestricted discretion as to the necessity which requires consumption, does not have power to devise or dispose of the unconsumed portion during her lifetime, other than in accordance with and for the purposes stated in testator's will: *Tyson's Estate*, 191 Pa. 218, 43 A. 131. Cf. *Rumsey's Estate*, supra.

Appellant is without power to effect a change in the trust estate except as the amount may be diminished by consumption for the benefit of herself and the children. It is immaterial that the percentage of the estate involved in the proposed transfer was about 10 per cent. The issue is not with respect to the amount transferred

but of power, for if that power exists it may be exercised to its fullest extent. The transfer here involved does not represent an exercise of a power of consumption conferred upon appellant, for it is not in furtherance of the purposes set forth by testator.

Decree affirmed, costs to be paid by appellant.