## Troy v. Kopetz

*Hopkin T. Rowlands*, for plaintiff.
*Max Rosenn* and *Elmer J. Harris*, for defendant.

PINOLA, J., May 5, 1951.—Subject to the right of appeal reserved to both parties, plaintiff and defendant have agreed to be bound by the judgment of the court

upon a case stated in assumpsit, the facts of which are as follows:

1. Plaintiff, who resides at Williamsport, by his agent, Ralph C. Hull, agreed on June 20, 1946, to sell property situate in the Borough of Kingston, improved with dwelling known as No. 79 Chester Street, for the sum of $9,000, to defendant, who paid $100 on that date and an additional $1,000 on June 21, 1946.

2. When, on July 15, 1946, plaintiff tendered to defendant a deed for the premises, the latter refused to accept the same because of an alleged defect in the title.

3. Plaintiff's father, Merlin E. Troy, died July 13, 1941, seized of the premises in question. He disposed of his estate by will filed to no. 1712 of 1941, in the office of the Register of Wills of Luzerne County. After giving directions for funeral arrangements and making provision for the payment of debts, testator disposed of the residue of his estate as follows:

"Item (3) All the rest, residue and remainder of my estate, real, personal, or mixed, of whatsoever nature and wheresoever situated I give devise and bequeath the same to my beloved son, Merlin W. Troy, to have and to hold the same, and to rent and receive the rents of the real estate, as well also to receive the income from the personal property. For the use of himself for and during the period of his natural life.

"WITH THE FOLLOWING EXCEPTIONS.

"There shall be amounts used sufficient to maintain adequate insurance, against loss by fire upon real estate improvements, the payment of all taxes, water rent, and an amount necessary to be expended to keep the real estate in proper repair. After my real estate shall be given to my son, Merlin W. Troy, he shall not be able to sell any real estate for (FIVE) years (EXCEPT) in case of sickness or other misfortune and not

then until he has used up all other means he may have received in the provisions of the will.

"He shall have power to sell real estate and make deeds for the same with the above restriction."

### Discussion

The sole issue to be decided is whether plaintiff can convey a marketable title to defendant.

Admittedly plaintiff is possessed only of a life estate in the premises, but he contends that he is empowered under the terms of the will to convey a good title.

In determining whether that is so, we must carefully consider the will from its four corners to ascertain the intent of testator: Calder's Estate, 343 Pa. 30. Furthermore, this will having been written by a layman, it must be so construed as to give effect to the ordinary meaning of the language used without regard to technical rules of construction: Lippincott's Estate, 276 Pa. 283.

A careful reading of the will as a whole discloses the dominant intent of testator to provide that the income of his estate should go to his son, plaintiff, for life and at his death the estate should be distributed to plaintiff's children; if, however, he died without children, then the same is to go to testator's brother and certain charities.

In the first paragraph of item (3) testator clearly reveals his intent to devise a life estate in all of his realty to plaintiff. In the next paragraph he directs plaintiff to properly maintain the property, requiring the payment of taxes and water rent, and the making of necessary repairs. He then specifically provides that plaintiff "shall not be able to sell any real estate for (FIVE) years (EXCEPT) in case of sickness or other misfortune and not then until he has used up all other means he may have received in the provisions of the will".

Immediately following this provision, testator declared:

"He shall have power to sell real estate and make deeds for the same with the above restriction."

The deed was executed and tendered two days after the expiration of the five years' period, and hence we are not concerned with the restriction or its exception.

While plaintiff is appointed executor, he is not required to give bond, to furnish an inventory, or to render any accounting of his administration. This designation is at a point in the will considerably distant from the paragraph conferring the power of sale upon plaintiff, and therefore, we conclude that the power of sale is not given to him qua his office. On the other hand, we believe the power of sale to be superadded to his life estate and to be in furtherance of his right to consume the estate under the provisions of his father's will. "Such superadded privilege is not repugnant to the creation of a life estate": McCullough Estate, 272 Pa. 509, 512.

Coupled with the power of sale, the conclusion that plaintiff is a tenant for life with power to dispose and consume, with restriction only as to consumption of income up to $200 per month, is inescapable. Such a construction gives full effect to testator's wording of his will: Carmany Estate, 357 Pa. 296.

So long as any disposition plaintiff may make of the assets of the estate is in accordance with the purpose which testator intended and not merely colorably to defeat testator's will, his disposition is without appeal: Tyson Estate, 191 Pa. 218; Johnson Estate, 359 Pa. 645. Here the remaindermen are amply protected by the restriction as to the amount of the net income to be enjoyed by the life tenant.

We, therefore, conclude that plaintiff is able to convey a marketable title to the premises, and we enter the following

*Order*

Now, May 5, 1951, judgment is entered in favor of plaintiff, Merlin W. Troy, and against defendant, Robert P. Kopetz, for the sum of $7,900, said sum to be paid to plaintiff upon delivery by him to defendant of a properly executed deed for the premises involved.