### Fellner Estate

*Lee B. Sacks,* for accountant.

KLEIN, Adm. J., March 10, 1970.—Sarah Fellner died on November 15, 1968, leaving a will dated February 20, 1967, which was admitted to probate on November 25, 1968, when letters testamentary were granted. Proof of advertisement of the grant thereof was produced to the auditing judge.

The dispositive provisions of the will are set forth in the statement of proposed distribution. A copy of the will, certified by counsel to be true and correct, is annexed hereto.

All parties in interest are stated to have received notice of this audit.

Payment of inheritance tax of $847.12 on September 5, 1969, was duly vouched.

Paragraph Eighth of the will provides:

"I hereby bequeath the sum of $6,500.00 to the First Federal Savings and Loan Association, as Trustee, in Trust, to invest at interest in the manner authorized by the laws of the Commonwealth to pay to my son, IRVING H. FELLNER, the interest therefrom as it may accrue until such time as he shall reach his 65th birthday, or be eligible for Social Security, whichever shall be sooner.

"Neither the principal nor the income of the said Trust shall be assigned or anticipated, nor shall the same be subject to attachment or execution in the hands of the Executors or Trustee."

We think it is clear that a legacy of this kind, given to a trustee for the use of the legatee, is a vested bequest and no other interest exists in any other person. In Decker Estate, 353 Pa. 509 (1946), it was held that a bequest of property, in trust to pay the income therefrom to the beneficiary until he reaches a designated age and then to deliver the corpus to him, is an absolute gift to the donee and that the trust is void. To the same effect is the holding in Mateer Estate, 44 D. & C. 2d 671, decided by this court in 1968. Those

cases, however, differ from this one in that there were no spendthrift restrictions attached to the gifts.

"Where the intention of the testator to create a trust and guard his bounty with the protection of a trustee is clear, the validity of the trust is not affected because there is no limitation over upon the death of the beneficiary": Hunter's O. C. Commonplace Book, Trusts, sec. 8(b). See also Frantz v. Race, 205 Pa. 150 (1903); Minnich's Estate, 206 Pa. 405 (1903); Shower's Estate, 211 Pa. 297 (1905); Restatement, Trusts §337(j).

Testatrix in the present case has clearly indicated her intent to impose spendthrift limitations upon the gift to her son, and we, therefore, conclude that this is a valid, enforceable trust.

The bequest raises a second question, relating to the authority of the First Federal Savings and Loan Association, named by testatrix as trustee, to act in that capacity. Federal savings and loan associations are creatures of the Congress and were authorized by the Home Owners' Loan Act of June 13, 1933, 48 Stat. 128, 12 U.S.C.A. §§1461-1468. An examination of this act and of the regulations issued under it, 12 CFR 541, et seq., reveals no provision directly or by implication granting such associations the power to serve as trustee.

Furthermore, there is no provision in Pennsylvania law authorizing a federal savings and loan association to serve as a fiduciary. Section 106 of the Banking Code of November 30, 1965, P. L. 847, 7 PS §106, makes it clear that the only federal institution which may so serve is a national bank, and then only if the applicable federal law grants it the power to act as a fiduciary.

Section 701 of the Savings Association Code of Dec. 14, 1967 (Act 345), 15 PS §5701(22), provides that associations organized under the laws of the

Commonwealth "shall have all powers granted to federal savings and loan associations . . . ," and section 1302, 15 PS §6302, is a reciprocal provision to the effect that a federal savings and loan association shall have all powers granted associations organized under the laws of the Commonwealth. Nowhere, however, is it provided that associations organized under the code may act as trustee except in the limited situation referred to in section 701(12), 15 PS §5701(12), i.e., under a trust plan which satisfies the requirements of the Self Employed Individuals Tax Retirement Act of 1962.

Accordingly, we hold that the direction of testatrix to give $6,500 to the First Federal Savings and Loan Association as trustee is invalid. Nevertheless, unless testatrix has manifested a contrary intention, the trust declared in the will does not fail because the named trustee is incapable of administering the trust: Section 901 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.901; Scott, Trusts §33; Restatement, Trusts 2d §108(a) and comment thereto. The auditing judge finds no evidence of such intention on the part of decedent and he will, therefore, award the fund to Irving Fellner and his brother, Raymond Fellner, the executors named in the will, as trustees, for deposit in the First Federal Savings and Loan Association in a savings account, or for the purchase of savings certificates, the passbook or the certificates of deposit to be marked "Principal not to be withdrawn prior to September 11, 1975 except on written order of court." said passbook or certificates to be produced to the court for inspection and approval immediately after deposits are made or certificates purchased. . . .

And now, March 10, 1970, the account is confirmed nisi.