**Sommer Estate**

*John J. Lombard, Jr.,* for accountants.

*Joseph P. Gaffney, Jr., Walter B. Gibbons,* for claimants.

KLEIN, Adm. J., June 10, 1970.—Gilbert F. Sommer died July 3, 1968, leaving a will dated July 21, 1964, which was admitted to probate July 15, 1968, when letters testamentary were granted. . .

By paragraph second of his will, testator gave his residuary estate to his wife, "for her natural life with the right to use any or all of the corpus of my estate for her maintenance, pleasure and comfort, making her the sole judge of the necessity thereof. She shall also have the power to appoint one-half ($\frac{1}{2}$) of my residuary estate, which power of appointment may be exercised by her alone and in all events in favor of herself or her estate or otherwise as she by her Last Will and Testament containing a specific reference to this power may direct and appoint." Upon the death of his wife, he provided for a number of charitable bequests from "that portion of [his] residuary estate as shall not have been consumed or appointed . . ." and gave the residue "to and among all of my then surviving children, with the exception of *Mary Elizabeth Sommer,* and issue of deceased children then living absolutely and in fee."

Section 13 of the Estates Act of 1947, Act of April 24, 1947, P. L. 100, 20 PS §301.13, is determinative of the legal effect of the language used by testator. That language reads, inter alia:

"A person having a present interest in personal property, or in the proceeds of the conversion of real estate, which is not in trust, and which is subject to a future interest, shall be deemed to be a trustee of such property and not a debtor to the remainderman, with the ordinary powers and duties of a trustee, except that he shall not be required to change the form of the investment to an investment authorized for Pennsylvania fiduciaries, nor shall he be entitled to compensation as trustee. Such person, *unless given a power of consumption* or excused from entering security by the terms of the conveyance, shall be required to enter such security for the protection of persons entitled to the future interests as the court in its discretion shall direct. . ." (Italics supplied.)

In Gramm Estate, 420 Pa. 510 (1966), our Supreme Court reviewed the history of this statute in a case where the facts were quite similar to those in the present case and concluded, at page 517:

". . . (1) since January 1, 1948—the effective date of this statute—legal future estates cannot be created in personalty and all such estates are now treated as trusts with the life tenant, or another person appointed in his stead by the court, acting in the capacity of trustee; (2) the life tenant is now subjected to all the rights and duties of a trustee, except as provided otherwise by the statute; (3) the life tenant or his estate must account for the value of the estate coming into his possession together with any increase in value during the period of the trust. . ."

See also Linn Estate, 435 Pa. 598 (1969) to the same effect.

It is clear that testator intended to give his widow a life estate with a wide power of consumption of the entire principal estate "for her maintenance, pleasure and comfort." Nevertheless, there is a definite restriction on the purposes for which the corpus may be consumed, and any residue remaining and not appointed when she dies will go to the beneficiaries named in the will. Accordingly, the widow becomes by operation of law the trustee of the principal estate, with a fiduciary's duty to carry out in good faith the clear and lawful purpose of testator: Tyson Estate, 191 Pa. 218 (1899); Johnson Estate, 359 Pa. 645 (1948); Gramm Estate, supra.

In view of the broad power of consumption vested in the widow, the auditing judge is of the opinion that she is excused from entering security in view of the language of section 13 of the Estates Act, supra. . .

And now, June 10, 1970, the account is confirmed nisi.