**Gilda Estate**

*Martin R. Lentz,* for accountant.

*Judith J. Jamison,* for Commonwealth.

KLEIN, Adm. J., January 18, 1972.—Augusta H. Gilda died November 19, 1970, leaving a will dated June 14, 1968, which was admitted to probate December 3, 1970, when Letters Testamentary were granted.  . . .

By paragraph 2 of her will testatrix gave her residuary estate to her daughter, Edna G. Rainey, "for and during the term of her natural life." She further provided:

"2. . . . During her lifetime my said daughter shall be entitled to receive the entire income from my estate and to pay to herself such portion of the principal of my estate as she may require in her sole discretion for her support and maintenance and for use in case of illness or other necessity. My said daughter shall keep the assets of my estate segregated so that any remaining assets can be identified upon her death, but she shall not be required to give any bond or other security as the life tenant.

"3. Upon the death of my said daughter I give, devise and bequeath my entire estate, or as much thereof as may remain, in equal shares to my two grandchildren, John E. Gilda, now residing at Sparta, New Jersey, and Sarah G. Brown, now residing at Keene, New Hampshire. In case either of my two grandchildren predeceases my said daughter, I give and bequeath the share of such grandchild to his or her children living at the death of my said daughter, share and share alike."

Section 13 of the Estates Act of April 24, 1947, P. L. 100, 20 PS §301.13, is determinative of the legal effect of the language used by testatrix. That section reads, inter alia:

"A person having a present interest in personal property, or in the proceeds of the conversion of real estate, which is not in trust, and which is subject to a future interest, shall be deemed to be a trustee of such property, and not a debtor to the remainderman, with the ordinary powers and duties of a trustee, except that he shall not be required to change the form of the investment to an investment authorized for Pennsyl-

vania fiduciaries, nor shall he be entitled to compensation as trustee."

In Gramm Estate, 420 Pa. 510 (1966), our Supreme Court reviewed the history of this statute in a case where the facts were quite similar to those in the present case and concluded, at page 517:

". . . (1) since January 1, 1948—the effective date of this statute—legal future estates cannot be created in personalty and all such estates are now treated as trusts with the life tenant, or another person appointed in his stead by the court, acting in the capacity of trustee; (2) the life tenant is now subjected to all the rights and duties of a trustee, except as provided otherwise by the statute; (3) the life tenant or his estate must account for the value of the estate coming into his possession together with any increase in value during the period of the trust."

See also Linn Estate, 435 Pa. 598 (1969), and Wells Trust, 21 Fid. Rep. 202 (1971).

It is clear that testatrix intended to give her daughter a life estate with a wide power of consumption of the entire principal estate "for her support and maintenance and for use in case of illness or other necessity." Nevertheless, there is a definite restriction on the purposes for which the corpus may be consumed, and any residue remaining when she dies will go to the beneficiaries named in the will. Accordingly, the daughter becomes by operation of law the trustee of the principal estate with a fiduciary's responsibility to carry out in good faith the clear and lawful purpose of testatrix: Tyson's Estate, 191 Pa. 218 (1899); Johnson Estate, 359 Pa. 645 (1948); Gramm Estate, supra. . . .

And now, January 18, 1972, the account is confirmed nisi.