## Schewe v. Wagner

*R. Clifton Hood,* for plaintiff.

*Moorhead, Marshall & Sawyer,* for defendants and garnishee.

McCREARY, P. J., November 1, 1957.—

### History of the Case

Lillian B. Schewe, late of the Borough of Beaver, Beaver County, died testate on January 19, 1950,

leaving a last will and testament dated June 16, 1949, duly probated in the office of the Register of Wills of Beaver County, in will book no. 41, page 279, on January 30, 1950, wherein she provided in paragraph sixth thereof as follows:

"SIXTH. I give and bequeath all the residue, or remainder, of my estate, real, personal and mixed, wheresoever situate, to my husband, Balthaser Henry Schewe, and to my daughter, Virginia Schewe Wagner, share and share alike, with the proviso that my daughter's share, including the Fifty (50) shares of the Pittsburgh Bridge & Iron Works (mentioned under Fourth) and any remaining balance (mentioned under Third) shall be held in trust for her by the Beaver Trust Company, of Beaver, Pennsylvania, with the following stipulations:—

"1. The Beaver Trust Company shall collect all income from my daughter's share of my estate and credit it to her trust account.

"2. The Beaver Trust Company shall invest all funds in the trust account which are in excess of the sum of Two Hundred Fifty Dollars, ($250.00).

"3. In the event that my daughter should become a widow, or that she and her husband should separate before May 7, 1962, the Beaver Trust Company, by and with the written consent of her father may pay to my daughter all or part of the income currently received from her share of the estate.

"4. On my daughter's fiftieth birthday, May 7, 1962, the Beaver Trust Company shall turn over to my daughter all of the property and any balance in the trust account.

"5. In the event of my daughter's death prior to her fiftieth birthday, May 7, 1962, the Beaver Trust Company shall turn over to my husband, Balthaser Henry Schewe, all property and funds in the trust account.

"6. In the event of the death of both my husband and my daughter prior to May 7, 1962, the Beaver Trust Company shall turn over to Isabelle Anderson (mentioned under Second) one-half of all property and funds in the trust account to provide a college education for my former pupil, John Alberti, of Vanport, Beaver County, Pennsylvania."

The Beaver Trust Company and Balthaser Henry Schewe, the surviving spouse, were granted letters testamentary on January 30, 1950, and they filed their first and final account with the Orphans' Court of Beaver County on February 7, 1951, at no. 4, June term, 1951, which was called for final audit on April 23, 1951. At the final audit the court awarded property of the value of $12,656.50 to the Beaver Trust Company, trustee for Virginia Schewe Wagner, pursuant to paragraph sixth of the will, and in its final decree in the schedule of distribution adjudicated as follows:

"It is hereby adjudicated that the direction of income to be accumulated in the Trust created under Paragraph SIXTH of the Will is an invalid direction pursuant to the Act of April 24, 1947, P. L. 100, Section 6, 20 PS 301.6; and that the income from the unlawful accumulation is to be distributed if and when the income accrues to Virginia S. Wagner pursuant to the provisions of the Act of April 24, 1947, P. L. 100, Section 8 (20 PS 301.6)."

On October 10, 1955, judgment was entered by Balthaser Henry Schewe, plaintiff, against Virgina S. Wagner and Malcolm Wagner, her husband, defendants, in the Court of Common Pleas of Beaver County, in the amount of $9,524.10 at no. 240 December term, 1955, D. S. B.

On October 10, 1955, a writ of attachment execution, based upon the foregoing judgment, was issued against the above defendants and the Beaver Trust Company,

as garnishee, attaching all property of defendants in the hands of the garnishee in accordance with Pa. R. C. P. 3105.

On December 15, 1955, the said judgment plaintiff issued interrogatories to the garnishee in accordance with Pa. R. C. P. 3102 and 1275, asking what property belonging to defendants, or in which they had an interest, was in the possession of the garnishee.

On December 23, 1955, the garnishee filed answers to the interrogatories setting forth that it held a checking account in the name of Virginia S. Wagner with a credit of $18.37; that it held certain securities and cash valued at $12,652.50 as trustee under the said will of Lillian B. Schewe and accumulated income there from distributable to Virginia S. Wagner in the amount of $314.72.

On January 26, 1956, supplemental interrogatories were filed asking that the securities be itemized, and on May 16, 1956, answer thereto was filed itemizing the securities.

On May 22, 1956, the prothonotary on praecipe of plaintiff caused to be entered, at no. 99, December term, 1955, a judgment against the garnishee in favor of plaintiff on admission in the answers to interrogatories in the amount of $9,524.10, plus interest of $903.79 in accordance with Pa. R. C. P. 3102 and 1277.

On May 25, 1956, the garnishee filed a petition in court to strike off the judgment entered against it, and the court thereupon, on May 25, 1956, granted a rule on plaintiff to show cause why the judgment should not be stricken off and stayed all proceedings meanwhile, on the ground that garnishee did not state in its answer that it had in its possession property belonging to defendants, or either of them.

The matter came on for argument at the last argument list, and is now before the court en banc for determination.

*Statement of Questions Involved*

I. Was the interest of Virginia S. Wagner in the trust under the will of Lillian B. Schewe subject to attachment?

II. Was the accrued income from the said trust distributable to Virginia S. Wagner subject to attachment?

III. Was the credit in the checking account subject to attachment?

IV. Was the judgment against the garnishee in the proper form?

V. Was the judgment against the garnishee properly entered by the prothonotary?

I. These proceedings in attachment execution are governed by the Rules of Civil Procedure.

Rule 3103 provides that the property subject to attachment execution shall be as provided by law.

Any interest in the real or personal estate of a decedent, except certain legacies and distributive shares of married women, may, under the Act of April 13, 1843, P. L. 233, 12 PS §2269, be subjected to attachment execution. Any vested interest in a decedent's estate may be attached in execution upon a judgment against the distributee. The interest is considered vested and, therefore, attachable, even if the devisee must outlive the life tenant to enjoy the devise. See Overbrook Heights Building and Loan Association v. Wilson, 333 Pa. 449, and Riverside Trust Company v. Twitchell, 342 Pa. 558.

The Act of 1843 directs that such attachment be permitted to the same extent as foreign attachment which had been authorized a year earlier by the Act of July 27, 1842, P. L. 436, 12 PS §§2897-99. Accordingly, the same principles which define the scope of foreign attachment upon interests in decedent's estates define the scope of attachment execution upon such property.

Pa. R. C. P. no. 1253 sets forth the principles which define the scope of foreign attachment upon interests in a decedent's estate. It provides that "any person may be made a garnishee and shall be deemed to have possession of property of the defendant if he . . . holds as fiduciary property in which the defendant has an interest". Interest means a vested interest. The garnishee is the administrator, executor or trustee of the estate. For the purpose of attachment his private capacity is separate and distinct from his fiduciary capacity.

"The draft of tentative attachment rules submitted to the bench and bar for comment provided 'a third person may be joined as garnishee when he . . . holds as fiduciary property to which the defendant is entitled as distributee'. The change in phraseology makes clear that the property of the defendant may be any 'interest' and broadens the application of the rule to include property held in any fiduciary capacity, whether the *cestui* is a 'distributee', a beneficiary of a trust, a person for whom a guardian holds as fiduciary, or any other property held by a fiduciary for another": Goodrich Amram, §1253-8.

By admission in the garnishee's answers, the interest of defendant, Virginia S. Wagner, in the estate of her deceased mother, Lillian B. Schewe, arises out of paragraph 6th of the will quoted above and the award and adjudication of the Orphans' Court of Beaver County of April 23, 1951, also quoted above. By virtue of these documents, one half of the residue of the estate of Lillian B. Schewe, deceased, was awarded to the Beaver Trust Company, in trust, to pay the income therefrom to Virginia S. Wagner until her fiftieth birthday on May 7, 1962, and at that time to distribute the corpus to her absolutely, with certain contingent remainders in the event Virginia S. Wagner dies before May 7, 1962.

This is clearly a vested interest subject to be divested in a decedent's estate as contemplated by the rules and as such is and was subject to attachment execution. See Overbrook Building and Loan Association v. Wilson, supra, and Federal Deposit Insurance Corp. v. Melcher, 35 Berks 301.

The first question propounded for determination must be answered in the affirmative.

II. The answers of the garnishee to plaintiff's interrogatories admit that under the adjudication of the Orphans' Court of Beaver County of April 23, 1951, income from the trust under the will of Lillian B. Schewe was to be distributed if and when it accrues to Virginia S. Wagner, and that at the time of filing its answer there was accumulated $314.72 of such income.

Service of the writ upon the garnishee attaches all property of defendant subject to attachment execution in the possession of the garnishee and all property subject to attachment which may come into its possession at any time before final judgment is entered against it: Goodrich-Amram, §3106-2; Frazier v. Berg, 306 Pa. 317.

This accumulated income and all income accumulated since the date of service of the writ of attachment are subject to attachment execution.

The second queston above propounded for determination must be answered in the affirmative.

III. In its answers to plaintiff's interrogatories, the garnishee admitted that it had a checking account in the name of defendant, Virginia S. Wagner, with credit in the amount of $18.37. This deposit is subject to attachment execution: Goodrich-Amram, §3103-7.

The third question above propounded for determination must be answered in the affirmative.

### Procedure to Be Followed

IV. Rule 1277(b) provides that the prothonotary on praecipe of plaintiff shall enter judgment against the

garnishee for the property of defendant admitted in the answer to the interrogatories to be in the garnishee's possession, but no money judgment entered against the garnishee shall exceed the amount of the judgment of plaintiff against defendant plus interest and costs. This rule applies in full to attachment execution: Goodrich-Amram, §3102-03, p. 23.

This rule continues the prior practice insofar as it permitted judgment against the garnishee for property of defendant admitted in the answer to interrogatories to be in the garnishee's possession. The procedure for obtaining the judgment, however, differs markedly from prior practice. Now judgment in such case may be entered by the prothonotary on simple praecipe and without the intervention of the court. This can be done only when the admission is so clear and unequivocal that no interpretation of the answer is necessary and no judicial function on the part of the prothonotary is required: Goodrich - Amram §1277(*b*)-1.

If judicial interpretation of the answer is needed and if plaintiff feels that the answers are in fact an admission plaintiff will proceed, not under Pa. R. C. P. 1277(*b*), but by filing preliminary objections in the nature of a demurrer, *or* will move for a general judgment against the garnishee on the pleadings: Goodrich-Amram §1275(*b*)-8; Commentary Goodrich-Amram §1277(*b*)-1.

The answer to the fourth question must be "No".

V. The difficulty with plaintiff's position is that he did not follow this procedure. He entered judgment against the garnishee on praecipe to the prothonatory when the garnishee's answers to the interrogatories were not "so clear and unequivocal that no interpretation of the answer is necessary and no judicial function on the part of the Prothonotary is required." Even this court had some difficulty in concluding that, by the

terms of the trust created by the will of decedent, Lillian B. Schewe, Virginia Schewe Wagner has a present vested interest in the trust funds in the hands of the garnishee, subject to be divested by her death before she reaches her fiftieth birthday, May 7, 1962; and had still another judicial problem to resolve, namely, whether a vested interest, subject to be divested, is such an interest as is attachable under Pa. R. C. P. relating to attachment execution. Defendant's rule to show cause why the judgment entered by plaintiff against the garnishee, on praecipe to the prothonotary, should not be stricken from the record, must be made absolute, without prejudice, however, to plaintiff to have judgment on the pleadings entered in his favor by motion to court, as in actions in assumpsit, in conformity with the provisions of Pa. R. C. P. 1278. This latter rule, relating to foreign attachment, applies in full to attachment execution. See Goodrich Amram Commentary to Pa. R. C. P. 3102-3, at page 23.

The answer to the fifth question involved must be "No".

VI. A judgment against the garnishee on the pleadings shall be for the property of defendant found to be in the possession of the garnishee, but limited, in the case of a money judgment not to exceed the amount of the judgment of plaintiff against defendant together with interest and costs. The judgment must specify any property other than money in possession of the garnishee, and plaintiff may have execution against that property. Pa. R. C. P. 1279 and 3103, and Goodrich-Amram Commentary thereon.

In general a money judgment can be entered against the garnishee only for the amount in his hands at the time of entry of judgment: Goodrich-Amram §3107-9.

The nature of the judgment depends on what kind of property of defendant the garnishee has in his pos-

session. Any type of judgment may be used as the basis for an appropriate type of execution: Goodrich-Amram §1279(a)-1.

A judgment against the garnishee for specific property does three things:

1. Adjudicates the possession by the garnishee of that property of defendant;

2. Authorizes execution against that property to satisfy the full judgment against defendant;

3. Obligates the garnishee to make the property available for execution: Goodrich-Amram §1279(c)-1.

Probably sensing that the court en banc would take the position it has taken in the foregoing opinion, plaintiff, at the time of oral argument, presented to the court a "motion for judgment on the pleadings." We feel that, although ordinarily such motion would be put down for argument on the next argument day, we should avoid circuity of action, and a month's delay, by granting plaintiff's motion for judgment on the pleading in appropriate form, inasmuch as the Pennsylvania Rules of Civil Procedure authorize the court, only, to enter judgment for plaintiff and against the garnishee, when the answers to interrogatories are not "so clear and unequivocal that no interpretation of the answer is necessary and no judicial function on the part of the prothonotary is required." Plaintiff merely mistook his remedy by having judgment entered in favor of plaintiff and against the garnishee, by praecipe to the prothonotary.

Entertaining these views, we make the following

### Order

Now, November 1, 1957, garnishee's rule to show cause why the judgment entered in favor of plaintiff and against the garnishee should not be stricken from the record, is made absolute.

Same day, an exception is granted and bill sealed to the plaintiff.

*Order*

Now, November 1, 1957, plaintiff's motion for judgment on the pleadings is granted, and it is now ordered, in accordance with Pa. R. C. P. 1278, that judgment be entered in favor of plaintiff and against the garnishee for the property of Virginia S. Wagner, found to be in the garnishee's possession, to wit:

1. As trustee under the will of Lillian B. Schewe, deceased, for amount of accrued interest distributable to said defendant on the date of judgment from the said trust;

2. As trustee under the will of Lillian B. Schewe, deceased, for all that certain vested interest of Virginia S. Wagner in the estate of Lillian B. Schewe, deceased, late of the Borough of Beaver, Beaver County, as awarded by the adjudication of the Orphans' Court of Beaver County, dated April 23, 1951, which appears of record in the office of the clerk of the said court at no. 39, June term, 1951, consisting of the right to the income from certain securities held in trust by the above garnishee and to the principal upon her fiftieth birthday, May 7, 1962, subject to be divested upon her decease prior to her said fiftieth birthday, except that after the word "garnishee" add "as described in garnishee's answer to supplementary interrogatories, filed May 16, 1956." Add new sentence as follows: "Execution is stayed as against this particular property in the hands of the garnishee until May 7, 1962";

3. Generally for the amount of the credit due said defendant upon her checking account with the garnishee, in accordance with Pa. R. C. P. 1278 and 3102.

Costs to be paid by defendants.

Same day, an exception is granted and bill sealed to defendants and to the garnishee.