Jones *v.* Jones, Appellant, et al.

Argued January 20, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Charles F. C. Arensberg,* of *Patterson, Crawford, Arensberg & Dunn,* with him *Ella Graubart,* for appellant.

*Oliver K. Eaton,* with him *Jason Richardson,* for appellee.

OPINION BY MR. JUSTICE PARKER, March 23, 1942:

This is a suit in equity by a wife for maintenance which action seeks to reach certain property of her husband who is alleged to have deserted her and their three children and to be now residing in another state. The bill was filed in the county where the desertion occurred; her husband and two trust companies, holding certain trusts, were named as defendants. The question involved is whether the husband's future interests in trusts administered in Allegheny County are such property interests and have such a situs as to give the court below jurisdiction pursuant to the terms of the Act of May 23, 1907, P. L. 227, as finally amended by Act of July 21, 1913, P. L. 867 (48 PS §§131-132).

After the bill was filed, personal service was had upon the trustees and by permission of the court notice of the proceedings and a copy of the bill were served on the husband, Thomas Mifflin Jones, III, at Buffalo, New York. Thereupon Jones appeared specially and filed a petition under the Act of March 5, 1925, P. L. 23 (12 PS 672), raising the question of jurisdiction. The petitions were refused and Jones has appealed. Since the appeal is under the Act of 1925, the only matter to be decided now is the jurisdiction of the court below: *Hughes v. Hughes,* 306 Pa. 75, 158 A. 874; *Welser v. Ealer,* 317 Pa. 182, 184, 176 A. 429; *Eldredge v. Eldredge,* 128 Pa. Superior Ct. 284, 292, 194 A. 306.

Section 1 of the Act of 1907, as amended, supra, provides that a wife whose husband has separated himself from her without reasonable cause or who has neglected or refused to provide suitable maintenance for her may bring an action at law or equity for maintenance in the court of common pleas of the county where the desertion occurred. By the second section of the same act it is further provided that the wife may have proceedings

against any property, real or personal, of the husband necessary for her maintenance, that the court may direct a seizure and sale or mortgage of sufficient of such estate as will provide the necessary funds for such maintenance, and that "service upon the defendant shall be made in the manner provided in the act of General Assembly entitled, 'An act to authorize the execution of process in certain cases in equity, concerning property within the jurisdiction of the court, and on the defendants not resident or found therein,' approved the sixth day of April, one thousand eight hundred and fifty-nine [12 PS §1254]." The Act of 1907 confers jurisdiction of the cause of action while the Act of 1859 merely prescribes the manner in which service upon defendant shall be made.

It is imperative if service cannot be made on the principal defendant in the jurisdiction of the court that there be property, "real or personal", within that jurisdiction and that the property of the defendant which the court is asked to seize be specifically set forth in the bill: *Boudwin v. Boudwin,* 320 Pa. 147, 150, 182 A. 536. The bill alleges that the desertion took place in Allegheny County, that the husband has vested interests in remainder in two trusts created by ancestors of his and that Peoples-Pittsburgh Trust Company and Fidelity Trust Company, who are named as defendants, are respectively the trustees for those trusts. Each of these trust companies is domiciled in Allegheny County and possesses and administers the trust assets there. By the terms of the trust agreements Thomas Mifflin Jones, III, is entitled to receive the income in one estate and principal of another on the death of his mother, Mary A. Dumble, who is now living and entitled to receive the entire income for her life. It is a future interest which Jones has in those trusts but it is nevertheless a vested remainder. Although there is an uncertainty as to whether Jones will survive his mother so as to enjoy the remainders, there is no uncertainty that there is a right to such enjoyment: *Wheaton Coal Co. v. Harris,* 288 Pa. 294, 135

A. 637; *Riverside Trust Co. v. Twitchell,* 342 Pa. 558, 20 A. 2d 768.

Two questions therefore arise. (1) Are the vested interests in remainder which Jones has in these estates "real or personal" property as that term is used in the Act of 1907 as amended? (2) If they are, is the situs of the interests which plaintiff seeks to reach in Allegheny County?

(1) Academic authorities and essayists have for a long time debated the nature of a beneficiary's interest in a trust, some arguing that the right of a beneficiary is merely in personam, that is, only a right against the trustee without any right in the trust res. We have in this state adopted the more realistic view as stated by Mr. Justice STERN in *Commonwealth v. Stewart,* 338 Pa. 9, 14, 12 A. 2d 444, "that, in addition to rights against the trustee, the beneficiary also has rights in rem, an actual property interest in the subject-matter of the trust, an equitable ownership of the trust res."

This is also the view taken by the United States Supreme Court: *Brown v. Fletcher,* 235 U. S. 589, 35 S. Ct. 154; *Irwin v. Gavit,* 268 U. S. 161, 167, 45 S. Ct. 475; *Senior v. Braden,* 295 U. S. 422, 55 S. Ct. 800. In *Blair v. Commissioner of I. R.,* 300 U. S. 5, 13, 57 S. Ct. 330, 333, Chief Justice HUGHES said: "The will creating the trust entitled the petitioner during his life to the net income of the property held in trust. He thus became the owner of an equitable interest in the corpus of the property. . . . The interest was present property alienable like any other, in the absence of a valid restraint upon alienation. . . . The assignment of the beneficial interest is not the assignment of a chose in action but of the 'right, title and estate in and to property.' " Jones has a present interest in the res notwithstanding the fact that his mother may at present be entitled to receive all the income. "The mere fact that the interest of a beneficiary of a trust is a future rather than a present interest does not prevent his creditors from reaching it":

1 Scott on Trusts §162; *Riverside Trust Co. v. Twitchell,* supra. Also cf. *Chappell v. Clarke,* 94 Md. 178, 50 A. 527, 529. We deem it to be clear that the defendant Jones has such a property right as is described in §2 of the Act of 1907, as amended, a condition precedent to a constructive service.

(2) The appellant argues that the future interest of Jones in these trusts is an intangible interest, the situs of which is not in Allegheny County, but is at the domicile of the owner citing the principle mobilia sequuntur personam immobilia situm. This argument passes lightly over the established principle of law that a vested interest of a beneficiary in a trust estate is an equitable property interest in the res. By virtue of that interest the beneficiary is entitled to enforce the trust and to obtain redress in that county in case of breach. The assets of the estate are in custodia legis and it is in that county that the trustee must account. Where the purpose of the suit is to subject Jones' equitable interest to a claim against him we see no reason for holding that the situs of his interests in the trust estates is at any other place than Allegheny County.

The presence of property within the Commonwealth is a prerequisite to foreign attachment. Yet in such actions our courts have consistently subjected equitable remainders to attachment: *Wheaton Coal Co. v. Harris,* supra; *Riverside Trust Co. v. Twitchell,* supra. There is a close parallel between this action and one in foreign attachment.

Our conclusions are not at variance with the principles enunciated in *Commonwealth v. Stewart,* supra, affirmed 312 U. S. 649, 61 S. Ct. 445. There Mrs. Stewart, a resident of Pennsylvania had an equitable vested interest in a trust held by a trustee in the State of New York and the intangible securities of the estate were kept in a safe deposit box in the vaults of the trust company in New York. Mrs. Stewart was entitled to receive the entire income for life. We held that the value of her

equitable interest was taxable in Pennsylvania although the trust as a whole was also taxable in New York. The tax imposed in Pennsylvania was sustained because she was a resident of Pennsylvania, she was living here and she was enjoying the protection of our government. The primary reason for maintaining the jurisdiction to tax was control over Mrs. Stewart as a resident here and the protection which our state afforded her. The logic back of this principle is well expressed in *Curry v. McCanless*, 307 U. S. 357, 366-367, 59 S. Ct. 900, 905-906, 123 A. L. R. 162, 170: "From the beginning of our constitutional system control over the person at the place of his domicile and his duty there, common to all citizens, to contribute to the support of government have been deemed to afford an adequate constitutional basis for imposing on him a tax on the use and enjoyment of rights in intangibles measured by their value. Until this moment that jurisdiction has not been thought to depend on any factor other than the domicile of the owner within the taxing state, or to compel the attribution to intangibles of a physical presence within its territory, as though they were chattels, in order to support the tax."

Any situs assigned to intangibles is purely fictitious and may vary according to the purpose of the proceedings: for example, simple debts are considered to be located at the domicile of the creditor for purposes of taxation but follow the person of the debtor for purposes of garnishment. It is obvious that there is no way in which by an in rem or quasi in rem proceeding New York could subject appellant's intangible interests to its process, so as to realize a fund for his creditors. It is equally clear that this Commonwealth has the power, through the presence of the trust res and the administration of the trust res to subject appellant's interests to satisfaction of claims against him. It would be unrealistic and unduly legalistic in a suit under the Act of 1907 not to say that these intangibles have a situs in this Commonwealth, if they must be assigned any situs at all.

The appellant in his endeavor to show that the situs of his interest is in New York leans heavily upon the case of *Gallagher v. Rogan,* 322 Pa. 315, 185 A. 707. There the scope of the jurisdiction of the cause of action was defined by the Act of 1859, supra, while here it is defined by the Act of 1907 and the field of the latter is much broader. There the property involved was a bank deposit, a mortgage and stock in a corporation, and the physical evidences of all three were held by the owner outside the county where the action was brought. No trust was involved, and the holder of the legal title was neither domiciled nor present in the former county. The absence of the owner of the property, the absence of the tangible evidences of her ownership, and the nature of the particular kinds of property involved naturally led us to the conclusion that there was so little connection between the property and the county where the action was brought that no situs within that county could be ascribed to the property. Any attempt to assign a situs to an intangible, particularly when we regard the right itself rather than the evidence of the right, e. g., the debt itself rather than the note or bond, is bound to furnish ground for a difference of opinion, for the decision frequently becomes a more or less arbitrary one.* When we adopt the principle, as we have in this jurisdiction, that where a beneficiary has a vested interest in a trust the beneficiary has not only certain rights against the trustee but also an equitable interest in the res, the difficulties disappear for there is then a localizing of the interest. There is nothing in the Gallagher case in conflict with our conclusion.

Appellant also suggests the objection that the vested remainder cannot be sold or mortgaged at the instance of creditors and in support thereof cites the form of the order in *Riverside Trust Co. v. Twitchell,* supra, a case of foreign attachment. Here the interest of the beneficiary has a present market value and it is an interest

---

* See article by Professor Andrews "Situs of Intangibles in Suits Against Nonresident Claimants": 49 Yale Law Journal 241.

which could be sold or aliened by appellant while he is yet a remainderman. The test of jurisdiction, the subject of this appeal, is the presence of property in the jurisdiction. The question of the form of the order will only arise if it is found that the wife is entitled to relief after the case has been considered upon its merits. At that time the question raised may or may not be of importance. Cf. *Rankin v. Culver,* 303 Pa. 401, 154 A. 701.

Order affirmed at cost of appellant.