## Ginsburg v. Hilsdorf

*Paul Ginsburg*, for plaintiff.

*Elder W. Marshall, Walter T. McGough*, and *Mason Walsh*, for defendants.

SMITH, J., December 6, 1962.—This matter is before the court en banc on the preliminary objections of defendants and the garnishees, Pittsburgh National Bank and Eugene B. Strassburger, Esq. Defendants and the garnishees filed separate preliminary objections, each raising separate issues. The garnishees praeciped their objections on previous argument lists; the most recent one was in April, 1962, when the court released the income then due and ordered the case continued to the present argument list. Defendants had their objections placed on the present argument lists on September 13, 1962.

At the time of the argument on October 29, 1962, defendants abandoned their objections inasmuch as they failed to argue them orally before the court or in the brief submitted by their counsel. These objections will, therefore, be dismissed.

The garnishees' preliminary objections ask that the writ of foreign attachment be dissolved as to all property in their answer under paragraph 2. They give as their reason for this request that such property is "immune and exempt from attachment."

This case was commenced on October 23, 1961, by a writ of foreign attachment in trespass. The writ was issued and was served on the garnishes, Pittsburgh National Bank and Eugene B. Strassburger, on October 24, 1961.

On October 28, 1961, plaintiff filed his complaint.

On November 13, 1961, the garnishees filed their report, which was later amended on April 19, 1962. In their report, under paragraph 2, the garnishees admit that they hold as fiduciaries the following property in which defendants have an interest:

"(a)  4/15 share in the principal trust created under the will of Benjamin F. Kraus, in which defendant Betty K. Hilsdorf has a life interest in the income and

defendants, Bonn Kraus Ginsburg and John Paul Ginsburg, have a remainder in the principal. The said will is of record at No. 12136 of 1942 in the Orphans' Court of Allegheny County, Pennsylvania, and a copy thereof is attached hereto, marked Exhibit 'A' and incorporated herein by reference. Under the said will and the applicable law, the interests of the defendants in said trust are immune and exempt from attachment.

"(b) A ⅓ share in the principal of a trust created by an Insurance Trust Agreement of Benjamin F. Kraus, in which defendant, Betty K. Hilsdorf has a life interest in the income and defendants, Bonn Kraus Ginsburg and John Paul Ginsburg, have a remainder in the principal. A copy of the said Insurance Trust Agreement is attached hereto as Exhibit 'B' and incorporated herein by reference. Under the said trust and the applicable law, the interests of the defendants are immune and exempt from attachment.

"(c) A 1/6 share in a trust created under the Will of Laura Bonn, in which defendant Betty K. Hilsdorf has a life interest in the income and defendants, Bonn Kraus Ginsburg and John Paul Ginsburg, have a remainder in the principal. The said trust is of record at No. 6854 of 1938 in the Orphans' Court of Allegheny County, Pennsylvania, and a copy thereof is attached hereto, marked Exhibit 'C' and incorporated herein by reference. Under the said will and the applicable law, the interests of defendants in said trust are immune and exempt from attachment."

The two wills and the trust agreement are attached to and incorporated in the garnishees' report as exhibits A, B and C.

In his will, Benjamin F. Kraus provided, inter alia, that his residuary estate be held by his trustees, the garnishees, with the power to generally manage his estate "and to distribute the net income and principal" as follows:

"(a) To pay unto my beloved wife, Catherine McG. Kraus, the sum of Six Hundred ($600.00) Dollars per quarter, said payments to begin three months after my death, and to continue until such time as my business consisting of the sole proprietorship of Bamberger, Kraus & Company and the two Corporations referred to in Clause Tenth of this Will, shall have been sold, or until her death, whichever shall first occur. . . .

"Four-fifteenths (4/15) thereof unto my daughter, Elizabeth K. Ginsburg.*

"(b) Upon the death of the said Catherine McG. Kraus, her share of the income from said trust fund shall cease and terminate and the income shall be divided among the other legatees in proportion to their respective interests above set forth, and thereafter the income shall be divided as follows:

". . . Four-twelfths (4/12) thereof unto my daughter Elizabeth Ginsburg, for and during the term of her life. . . .

"(2) Subject to the aforesaid payments of Six Hundred ($600.00) Dollars per quarter to my wife, Catherine McG. Kraus, and the three-fifteenths (3/15) of the net income payable to my wife, the principal of said trust fund shall be distributed as follows: . . .

"(c) Upon the death of Elizabeth K. Ginsburg, four-twelfths (4/12) of that portion of the principal of the trust fund not necessary to insure the aforesaid income to my wife, and upon the death of my wife, four-twelfths (4/12) of the balance of the principal shall be paid and distributed to the children of the said Elizabeth K. Ginsburg, or the children and grandchildren of the said Elizabeth K. Ginsburg, per stirpes, absolutely. . . .

---

* Elizabeth K. Ginsburg, nee Kraus, is the same person as defendant, Betty K. Hilsdorf. She is also the mother of defendants, Bonn Kraus Ginsburg and John Paul Ginsburg.

"(4) No sum payable by my Trustees under the provisions of the foregoing trust shall be pledged, assigned, transferred or sold, or in any manner whatsoever anticipated, charged or encumbered by the beneficiaries thereunder, or any of them, or be in any manner liable in the hands of my Trustees for the debts, contracts and engagements of the beneficiaries thereunder, or any of them."

On May 8, 1928, Benjamin F. Kraus entered into an insurance trust agreement with the garnishees herein, as trustees. This agreement was subsequently amended on May 19, 1928, and April 10, 1942.

This insurance trust agreement, as amended, provides that:

"(3) My Trustees shall divide the balance of the net income of my estate into three equal shares, and shall pay one of said shares, quarterly or oftener, in the discretion of my Trustees, unto each of my three children, James B. Loeb, Laura K. Straus and Elizabeth B. Ginsburg, share and share alike, during the lives of each of my said children.

"Upon the death of each of my children, I direct that one-third of the principal of said trust estate, not hereinabove disposed of, be paid and distributed to the children of such deceased child, or the children and grandchildren of such deceased child, per stirpes, absolutely. In case any of said three children shall die, leaving no child or children to survive her or them, then her or their share of principal and income shall be paid and distributed to the survivor or survivors of my children, or the children of any deceased children, in each case the child or children of a deceased child to take the parent's share, and in case a child of mine should die without child or children, so that her share reverts to my other children, then the income shall be paid to my other children in the same manner as is done in the case of their own shares, and upon the

death of each of them, the principal shall be distributed to the children and grandchildren of such child, per stirpes, absolutely. In case of the death of all my children, leaving no child or children to survive any of them, then I direct that the principal of my said trust estate be distributed to my nephew, Charles Henry Baer, absolutely."

And also, that:

"4 (b) No sum payable by my Trustees under the provisions of the foregoing trust shall be pledged, assigned, transferred or sold or in any manner whatsoever anticipated, charged or encumbered by the beneficiaries thereunder, or any of them, or be in any manner liable in the hands of my Trustees for the debts, contracts, and engagements of the beneficiaries thereunder, or any of them."

In her last will and testament, the late Laura Bonn provided that:

"Sixth: (c) I direct my Executors and Testamentory Trustees to pay one-third (⅓) of the net income from my estate unto Jane Kraus Rosenbloom, Laura E. Straus and Elizabeth Kraus,* children of my deceased daughter, Edna Kraus, in equal shares, for and during the term of their respective lives, or their survivors in case any should die without children. I give, devise and bequeath one-third of the principal of my estate unto the children of Jane Kraus Rosenbloom, Laura E. Straus and Elizabeth Straus, hereby giving unto the children of each of them one-ninth (1/9) of the principal of my estate, share and share alike, the children of a deceased child to take the parent's share; or if Jane Kraus Rosenbloom, Laura E. Straus or Elizabeth Kraus, should die without children, then her share of the income and principal of my estate shall go to the other children of my deceased daughter, Edna

---

* Elizabeth Kraus is the defendant, Elizabeth K. Hilsdorf.

Kraus, the children of a deceased grandchild to take the parent's share.

"(d) No sum payable by my Trustees under the provisions of the foregoing trust shall be pledged, assigned, transferred or sold or in any manner whatsoever anticipated, charged or encumbered by the beneficiaries thereunder, or any of them."

The issue before the court is: May the interests of the defendants in the hands of garnishees be attached in light of the spendthrift provisions contained in the wills and the trust agreement?

Rule 1252 of the Pennsylvania Rules of Civil Procedure provides as follows:

"A foreign attachment may be issued to attach property of a defendant not exempt from execution, upon any cause of action at law or in equity, . . ."

Rule 1253 states:

"Any person may be made a garnishee and shall be deemed to have possession of property of the defendant if he . . .

"(2) has property of the defendant in his custody, possession or control;

"(3) holds as fiduciary property in which the defendant has an interest; . . ."

Under the terms of his will, Kraus bequeathed his residuary estate to the garnishees, as trustees, with directions that his wife and the defendant Hilsdorf, among others, receive certain income during their respective lives. Upon the death of his wife and defendant, Betty K. Hilsdorf, Kraus directed that four-twelfths of the balance of the principal shall be paid and distributed to the children of Betty K. Hilsdorf.

Under paragraph (3) of the insurance trust, Kraus directed the trustees, garnishees herein, to pay one-third of the income to the defendant Hilsdorf for life and upon her death one-third of the principal to be

distributed to her children absolutely. Provision is made for the possibility that she die without children.

Under the Bonn will, Elizabeth Hilsdorf receives an income for life. In her will, testatrix, Laura Bonn, provided as follows:

"Sixth: All the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situate and of whatsoever consisting, I give, devise and bequeath unto my Trustees hereinafter named for the following uses and purposes, to-wit: . . .

"(c) . . . I give, devise and bequeath one-third of the principal of my estate unto the children of Jane Kraus Rosenbloom, Laura E. Straus and Elizabeth Kraus, hereby giving unto the children of each of them one-ninth (1/9) of the principal of my estate, share and share alike, . . ."

The said testatrix made additional provisions to allow for the possibility that one of her nieces die without issue.

It is the opinion of the court that the interests of defendants, Bonn Kraus and John Paul Ginsburg, are vested interests, which are subject to partial or complete divestiture. They may be partially divested by additional children being born to defendant, Betty Hilsdorf, or they may be totally divested if they predecease her. However, their interests are presently vested. There are no conditions precedent which would make them contingent.

In the case of Overbrook Heights Building & Loan Association v. Wilson, 333 Pa. 449, 450, the Supreme Court had an occasion to interpret a will which contained provisions similar to the one now before the court. There the Supreme Court stated:

"Where a legacy is made payable at a future time, certain to arrive, and not subject to condition precedent, it is vested where there is a person in esse at the time of the testator's death capable of taking when

the time arrives, although his interest be liable to be defeated altogether by his own death."

In Bald Estate, 385 Pa. 176, 182, the Supreme Court held:

" 'Moreover, if it is not clear from the language of the will whether the remainder is vested or contingent, then as Mr. Justice Linn said in Weir's Estate, 307 Pa. 461, 468, 469, 161 A. 730, "it is necessary to keep in mind the rule 'that an interest is to be construed contingent only when it is impossible to construe it as vested': Rau's Est., 254 Pa. 464, 98 Atl. 1068; that the intention to create a contingent interest 'should appear plainly, manifestly and indisputably': McCauley's Est., 257 Pa. 377, 101 Atl. 827 . . . In Marshall's Est., supra, it is said: 'The law leans to vested rather than to contingent estates, and the presumption is that a legacy is vested: Carstensen's Est., 196 Pa. 325 [46 Atl. 495] ; Tatham's Est., 250 Pa. 269 [95 Atl. 520] ; Neel's Est., 252 Pa. 394 [97 Atl. 502]; Rau's Est., [supra] . . .' " ' "

And again at page 186:

" ' "but *if, upon the whole will,* it appears that the future gift is only *postponed to let in some other interest, or,* as the court has commonly expressed it, *for the greater convenience of the estate* . . . , the interest is vested notwithstanding, although the enjoyment is postponed." ' "

See also Youngblood's Estate, 117 Pa. Superior Ct. 550.

Under these decisions, it is clear that the interests of the defendants, Bonn Kraus Ginsburg and John Paul Ginsburg, are vested.

With this conclusion, it follows that these interests may be attached. The Supreme Court said in Patterson v. Caldwell, 124 Pa. 455, at page 461:

". . . That which has a present and certain existence although its possession and enjoyment may be

postponed for a time, may be seized by [attachment execution] . . ."

Being vested, the remainder interest is subject to an attachment execution and will support a foreign attachment (Overbrook Heights Building & Loan Association v. Wilson, 333 Pa. 449; Rule 1252, Pa. R. C. P.; see also Jones v. Jones, 344 Pa. 310), unless exempt because of the spendthrift provision.

Are the interests of Bonn and John Ginsburg protected from attachment by the spendthrift provisions contained in the wills and agreements?

It is the contention of the garnishees that they are and, in support of this contention, they have cited various cases to the court.

They cite Harder v. Follansbee, 102 Pitts. L. J. 231, to the effect that a foreign attachment should be quashed where there is a spendthrift trust provision. In the Follansbee case, the spendthrift trust provision was as follows (p. 232):

"*Fourth:* I direct that neither the principal nor income of this trust shall in any manner be liable to the control or answerable for the debts, contracts or engagements of the beneficiaries hereunder or liable to any charge, encumbrance, assignment, conveyance or anticipation by them."

No such provision is present in the instant case.

In the case of Riverside Trust Company v. Twitchell, 342 Pa. 558, also cited by the garnishees, the spendthrift trust provision was as follows (pp. 560, 561):

" '. . . It being the intent and purpose of this Trust to maintain and preserve the corpus of the Trust Fund unimpaired, it is hereby expressly agreed that there shall be no power of anticipation or of pledge or assignment *either of the income or of the principal* of the Trust Fund, or of any interest therein whatsoever; and the Trustee, its successors and assigns, shall hold and administer the Trust and pay over the income received

by it as aforesaid, and the principal sum upon the termination of the Trust, as herein provided, free from any debts, liabilities, obligations or other engagements whatsoever of the Grantor, or of any persons who, by the terms hereof, may be or become beneficiaries hereunder.' " (Italics supplied.)

There it was contended that the interest from the trust was protected by the spendthrift provision and with this the Supreme Court agreed. The provision in the Twitchell case is a far cry from the one in the case at bar.

The garnishees cite Overbrook Building & Loan Association v. Wilson, 333 Pa. 449, 453, in support of their contention. This case is also inapplicable. In the Wilson case the spendthrift provision was as follows:

"Such rent, interest, income and profits, in no event to be in any way liable for the debts, liabilities, contracts or engagements of any of my said children, but in all cases to be paid to them, and in case of my daughters to be paid to them individually notwithstanding their coverture."

There the provision was all inclusive as to gifts to children.

All of the other cases cited by the garnishees are not on point. They have cited not one which deals with a spendrift trust provision the same as, or similar to, the one in the present case.

The court, in order to determine the extent of the spendthrift provision, must look to the manifest intention of the testator or donor. Each spendthrift trust must be judged on its own facts: Bogert, Trusts and Trustees, §225.

What were the intentions of Kraus and Bonn?

Here the provision states:

"No sum payable by my Trustees under the provisions of the foregoing trust shall be pledged, assigned, transferred or sold, or in any manner whatsoever an-

ticipated, charged or encumbered by the beneficiaries thereunder, or any of them, or be in any manner liable in the hands of my Trustees for the debts, contracts and engagements of the beneficiaries thereunder, or any of them."

It is clear that the intention of Benjamin F. Kraus and Laura Bonn were to protect the *beneficiaries* of the trust. If they intended the spendthrift provision to protect the vested remainderman they could have said so.

A spendthrift trust provision as to the interest of beneficiaries has no effect on the alienability of remainder interests which are vested in interest during the continuance of the trust and are to vest in possession when the trust terminates: Bogert, Trusts and Trustees, §222; Crowley v. Engelke, 394 Ill. 264, 68 N. E. 2d 241. In the Crowley case, the court said, at 394 Ill. 274, 68 N. E. 2d 246:

". . . We do not quarrel with the statement and claim with regard to the effect of a spendthrift provision upon the interest of the spendthrift and the assignability of the interest given to the spendthrift by the will of the testator . . . There is no spendthrift provision in the will respecting his [remainderman's] interest. He does not obtain possession or enjoyment of the property until the termination of the trust. There can be no spendthrift provision as to him, because he takes possession when the trust ends, and certainly there is no rule which applies a spendthrift provision affecting the ancestor to a child who takes the remainder in fee . . ."

In failing to include the remainder interests in the spendthrift provisions, the testators have left the door open to the present attachment proceedings. Here, defendants, Bonn Kraus and John Paul Ginsburg, are not beneficiaries of the trust nor are they entitled to have any sum paid to them by the trustees under the terms

of the trust. They are the vested remaindermen of the corpus which has imposed upon it the trust for the lives of the enumerated beneficiaries. As previously noted, defendant Hilsdorf is a beneficiary of the trust and is entitled to receive income from the trustees. Her interest is subject to the spendthrift clause. For this reason, the preliminary objections as to her funds held by the garnishees will be sustained. The preliminary objections of the garnishees as to the interest of defendants, Bonn Kraus Ginsburg and John Paul Ginsburg, will be dismissed.

*Order of Court*

And now, to wit, December 6, 1962, after consideration of the argument and briefs of counsel, it is hereby ordered, adjudged and decreed that:

(1) The preliminary objections of defendants are hereby dismissed. Defendants are given 20 days within which to file their answer; and

(2) The preliminary objections of the garnishees insofar as they affect the income of defendant Hilsdorf are sustained and said income due the defendant Hilsdorf from the trusts created by Benjamin F. Kraus and Laura Bonn is hereby released from the attachment in the above case; and

(3) The preliminary objections of the garnishees insofar as they deal with the attachment of the interest of Bonn Kraus Ginsburg and John Paul Ginsburg are hereby dismissed.