**WACHOVIA BANK, N.A., David Stroehmann, Sr. and Sam Walcott, as Trustees of the Gertrude S. Stroehmann Trust, Defendants–Appellants,**

v.

**Peggy S. LEVIN, Trustee, Plaintiff–Appellee.**

No. 4:09–CV–87–BO.

United States District Court, E.D. North Carolina, Eastern Division.

Nov. 4, 2009.

Michael P. Flanagan, Paul A. Fanning, Ward & Smith, Greenville, NC, for Defendants–Appellants.

William P. Janvier, Everett Gaskins Hancock & Stevens, LLP, Raleigh, NC, for Plaintiff–Appellee.

*ORDER*

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on an appeal by Wachovia Bank, David Stroehmann, Sr., and Sam Walcott as trustees of the Gertrude S. Stroehmann Trust of an order by the United States Bankruptcy Court for the Eastern District of North Carolina. For the following reasons, the judgment of the Bankruptcy Court is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

## INTRODUCTION

By a Trust Instrument dated November 23, 1976, Gertrude S. Stroehmann, the grandmother of the Debtor, David Stroehmann, Jr., created a trust for the benefit of her two children and their issue (the "1976 Trust"). The corpus of the 1976 Trust was first divided into two equal shares: one for the benefit of David Stroehmann, Sr. (David, Sr.) and his issue, and one for the benefit of Harold Stroehmann, Jr. (Harold, Jr.) and his issue. The David, Sr. share was further divided into separate shares for the benefit of his two children, David Stroehmann, Jr. (David, Jr.) and J. Kathryn Stroehmann (Kathryn).

Wachovia Bank, N.A. is the sole Trustee of the 1976 Trust. Article V.A. of the 1976 Trust contains a spendthrift provision granting the Trustee the power to distribute to the beneficiary of each share the income or any amount of principal from that share in its "sole and absolute discretion." Article V.B. of the 1976 Trust mandates that the Trust terminate upon the death of the last to die of Harold, Jr. and David, Sr. At the Trust's termination, the Trustee is required to pay both David, Jr. and Kathryn the entire amount of principal and retained income in their respective shares. Harold, Jr. has already died. If David, Jr. is not living at the time the Trust terminates, his share will pass to the other beneficiaries named in the Trust.

A second trust naming David, Jr. as a beneficiary was created by the terms of the Last Will & Testament of Gertrude S. Stroehmann (the "Will"), executed on November 18, 1987, and a Codicil thereto, executed March 10, 1988 (the "Will Trust"). The Will directs the residue of Mrs. Stroehmann's estate to be divided evenly into two shares. One of these shares is further divided such that $400,000 is held in trust to benefit David, Sr. and the remainder held in the Will Trust for the benefit of David Sr.'s children.

The Will Trust is divided into as many separate trusts as David, Sr. had children living and children deceased leaving issue at the time the Will took effect. For each child of David, Sr. over the age of eighteen, the Will Trust requires the Trustee to make distributions of "all the net income of such grandchild's share ... in convenient installments ... and at least quarter-annually" to or for the benefit of the grandchildren. The Trustees have "absolute discretion" to invade the principal of a grandchild's Trust "for medical expenses, support and education" of the grandchild or for the grandchild's issue. The Trustees must pay out, in full, a grandchild's remaining share when that grandchild reaches forty-five years of age. If a grandchild dies before reaching the age of forty-five, under the original Will that grandchild's interest passed to other beneficiaries as named in the Will, but under the Codicil that grandchild's interest passes to the grandchild's estate.

The Will Trust includes a Spendthrift provision, found in Paragraph 12 of the Will, which reads as follows:

> I direct that all legacies and all shares and interests in my estate and any property appointed under this will, whether principal or income, while in the hands of my personal representatives, trustees or the guardians of the property, shall not be subject to attachment, execution ro sequestration for any tort, debt, contract, obligation, or liability of any legatee or beneficiary and shall not be subject to pledge assignment, conveyance or anticipation.

The debtor's interest in the principal of the Will Trust had a value of $299,581.31 as of January 6, 2009. David Jr. will reach the age of forty-five on March 2, 2010.

The Appellee, Peggy S. Levin, the Chapter 7 Trustee appointed to David, Jr's case, filed this adversary proceeding on March 14, 2008. The Complaint requested that the Bankruptcy Court order David, Jr. to turn over all amounts distributed to him post-petition pursuant to the 1976 Trust and the Will Trust, the principal of both trusts, and all future income relating to both trusts. The Bankruptcy Court dismissed the complaint with respect to David, Jr.'s interest in income and principal distributions during the life of the 1976 Trust, holding that such discretionary distributions are not property of the bankruptcy estate. The Bankruptcy Court granted Summary Judgment in favor of Appellants as to David, Jr.'s interest in income and principal distributions during the life of the Will Trust, holding that such interests were not property of the bankruptcy estate. The Bankruptcy Court granted Summary Judgment in favor of Appellee as to David, Jr.'s future remainder interests in the 1976 Trust and Will Trust, holding that David Jr's future interests in the principal of the 1976 Trust and the Will Trust were property of the bankruptcy estate.

The Co–Trustees filed their Notice of Appeal to this Court from the Bankruptcy Court's Order on April 2, 2009. A hearing was held in Raleigh, North Carolina on August 26, 2009.

## JURISDICTION AND STANDARD OF REVIEW

■ Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158. A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re Bryson Properties, XVIII*, 961 F.2d 496, 499 (4th Cir.1992). Conclusions of law are reviewed de novo. *In re Apex Express Corp.*, 190 F.3d 624, 630 (4th Cir.1999);

*Continental Casualty Co. v. York*, 205 B.R. 759, 762 (E.D.N.C.1997).

## DISCUSSION

■ The issue presented on appeal is whether David, Jr's remainder interests in the principal of the 1976 Trust and Will Trust are excluded from his bankruptcy estate. The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," except for interests falling into one of a few specific exceptions. 11 U.S.C. § 541(a)(1). One such exception is set forth in Section 541(c)(2), which provides: "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). This provision requires that, to the extent that a spendthrift provision protects a debtor's beneficial interest in a trust from alienation under state law, that spendthrift provision will also protect the interest from the debtor's creditors in bankruptcy by excluding the interest from the bankruptcy estate. *See Patterson v. Shumate*, 504 U.S. 753, 758, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) ("The natural reading of [541(c)(2)] entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant non-bankruptcy law."). Thus, if David, Jr's future remainder interests in the 1976 Trust and the Will Trust are protected by a transfer restriction that is valid under state law, such interests must also be excluded from the bankruptcy estate.

The relevant non-bankruptcy law here is the law of the state of Pennsylvania. Both the 1976 Trust and the Will Trust are subject to the laws of the state of Pennsylvania. Pennsylvania recognizes a trust as a spendthrift trust when it includes lan-

guage sufficient to "restrain both voluntary and involuntary transfer of a beneficiary's interest." 20 Pa.C.S.A. § 7742(a)-(b). Spendthrift trusts will be found where the settlor includes the term " 'spendthrift trust,' or words of similar import." 20 Pa.C.S.A. § 7742(b).

■■■ Pennsylvania Courts "construe spendthrift provisions broadly." *Spencer v. Blanchard,* 201 B.R. 108, 125 (Bankr. E.D.Pa.1996). Spendthrift trusts will be found where trust instrument manifests the settlor's intent "to make the gift available solely for [the beneficiary's] own personal enjoyment without the right of anticipation or liability to creditors." *Shower's Estate,* 211 Pa. 297, 304, 60 A. 789, 792 (Pa.1905). Provisions that "forbid anticipatory alienations and attachments by creditors" will be sufficient to create a valid spendthrift provision. *In re Keeler's Estate,* 334 Pa. 225, 229, 3 A.2d 413, 415 (1939); *see also Riverside Trust Co. v. Twitchell,* 342 Pa. 558, 560–61, 20 A.2d 768, 769–70 (1941) (finding that a spendthrift trust was created where the instrument provided that "That there shall be no power of anticipation or of pledge or assignment either of the income or the principal of the trust.").

Although Pennsylvania law allows certain classes of creditors to override the protections provided by spendthrift provisions under 20 Pa.C.S.A. § 7743, bankruptcy trustees are denied access to spendthrift trusts. *See In re Katz,* 220 B.R. 556, 565 (Bankr.E.D.Pa.1998) ("[A] spendthrift trust … is exempt from the bankruptcy estate pursuant to 541(c)(2), and therefore is not reachable to any extent by the Trustee.")

■■■ Both the 1976 Trust and Will Trust satisfy the requirements for the creation of a spendthrift trust under Pennsylvania Law. Article XIII of the 1976 Trust is specifically designated as a "Spendthrift

Provision" and contains language expressly forbidding anticipatory alienations and attachments by creditors. The Will trust, which contains restrictive language similar to the 1976 Trust, also qualifies as a spendthrift trust under Pennsylvania law. In Paragraph 12, entitled "Protective Provision," the Will Trust prohibits the "attachment, execution, or sequestration for any tort, debt, contract, obligation or liability of any legatee or beneficiary" and provides that the interest of any legatee or beneficiary "shall not be subject to pledge, assignment, conveyance or anticipation" by any beneficiary. Because this language restrains both the voluntary and involuntary transfer of a beneficiary's interest, the Will Trust qualifies as a spendthrift Trust under Pennsylvania law.

■■■ Thus, this Court must determine to what extent Pennsylvania spendthrift law would restrain alienation of David, Jr.'s future remainder interest in the 1976 Trust and the Will Trust by David, Jr. himself and his creditors. Under Pennsylvania law, a beneficiary of a spendthrift trust cannot alienate any interest in the trust in violation of the spendthrift provision, and creditors of the beneficiary cannot reach interests subject to a spendthrift provision until the beneficiary actually receives a distribution. 20 Pa.C.S.A. § 7742.

■■■ Pennsylvania law protects remainder interests in the corpus of a trust if the spendthrift provision of the trust instrument so provides. In *Clark v. Clark,* 411 Pa. 251, 191 A.2d 417 (1963), the Supreme Court of Pennsylvania upheld spendthrift protection for a remainder interest similar to those at issue in the instant case. The spendthrift provision of the trust instrument in *Clark* provided "As each of my said children attain the age of fifty (50) years, the trust as to his or her proportionate share of the principal shall terminate

and the trustee shall assign, transfer and set over unto said child, his or her proportionate share of said principal." *Id.* at 253, 191 A.2d at 418. The Court held that a conveyance by one of the remainder beneficiaries prior to his fiftieth birthday was invalid because the trust instrument prohibited the beneficiary from making any binding commitment of principal or income during the life of the trust. *Id.* at 256, 191 A.2d at 420.

Like the remainder interest in *Clark*, David, Jr.'s future remainder interests in both trusts will come into his possession at a pre-determined date in the future. Because no contingencies to possession were included in *Clark*, the beneficiary held a vested remainder. Nevertheless, the *Clark* Court held that the assignee was not entitled to the assignor's interest in the principal of the trust protected by a spendthrift provision even after the trust had terminated and the beneficiary had come into possession of the principal.

Similarly, in *In re Blanchard*, the Bankruptcy Court for the Eastern District of Pennsylvania applied the law of Pennsylvania to provide spendthrift protection to the debtor's remainder interest in the corpus of a trust and exclude the debtor's interest in the corpus from the bankruptcy estate. 201 B.R. 108, 126 (Bankr.E.D.Pa.1996). In *In re Katz*, the Bankruptcy Court for the Eastern District of Pennsylvania held that the debtor's remainder interest in certain real property held in trust was subject to spendthrift protection under Pennsylvania law and thus excluded from the bankruptcy estate. 220 B.R. at 566. And, in *In re Will of Rintz*, the Court of Common Pleas of Pennsylvania held that the remainder of a trust should be distributed directly to the named beneficiary who had filed a Chapter 7 bankruptcy petition on the grounds that the remainder interest was protected by a spendthrift provision that

excluded the remainder from the bankruptcy estate under Section 541(c)(2). 2007 Phila. Ct. Com. Pl. LEXIS 254, at *16 (June 19, 2007)

Appellee contends based on *Ginsburg v. Hilsdorf*, 30 Pa. D. & C.2d 384 (1962), that Pennsylvania law denies spendthrift protection to vested remainder interests in the principal of a trust. But *Ginsburg* is more properly read as holding that where the language of the spendthrift provision restrains alienation on the beneficiary's income interest and not the remainderman's interest in the principal, the intention of the settlor was not to provide spendthrift protection for the remainder interest. *Id.* at 395. The language of the spendthrift provision in Ginsburg read as follows:

"No sum payable by my Trustees under the provisions of the foregoing trust shall be pledged, assigned, transferred or sold, or in any manner whatsoever anticipated, charged or encumbered by the beneficiaries thereunder, or any of them, or be in any manner liable in the hands of my Trustee for the debts, contracts and engagements of the beneficiaries, thereunder, or any of them."

*Id.* at 394. In holding that the remainder interest was not entitled to spendthrift protection, the *Ginsburg* Court reasoned that "If they intended the spendthrift provision to protect the vested remainder they could have said so . . . In failing to include the remainder interest in the spendthrift provision, the testators have left the door open to the present attachment proceedings." *Id.* at 395. The Court went on to distinguished th language of the trust in *Ginsburg* from those provisions in other Pennsylvania cases which afforded spendthrift protection to interests in principal such as a provision stating that "there shall be no power of anticipation or of pledge or assignment of either the income or of the principal." *Id.* at 393 (citing

*Riverside Trust Co. v. Twitchell,* 342 Pa. 558, 560–61, 20 A.2d 768 (1941)). Thus, the holding in Ginsburg indicates only that Pennsylvania extends spendthrift protection only as far as the language of a particular spendthrift provision allows. Appellee also cites *In re Beyer's Estate,* 40 Pa. D. & C.2d. 91 (1966). But *Beyer's Estate* dealt with whether a spendthrift provision in a trust was sufficient to prevent the beneficiary's alienation of her interest which arose through the Intestate Succession Act rather than under a trust instrument where the settlor failed to provide for the disposition of the principal. 40 Pa. D. & C.2d at 95–96.

■ In the instant case, the spendthrift provision in the 1976 Trust protects "[t]he interest of any beneficiary in the corpus or income of any trust" and the spendthrift provision in the Will Trust protects "all shares and interests in my estate and any property appointed under this will, whether principal or income." The settlor's restrictions on David, Jr.'s right to possession of the remainder interests provides further evidence of her intent to protect those interests. David, Jr.'s possession of his remainder interest in the 1976 Trust is delayed until the death of the last to die of his father and uncle and his possession of his interest in the principal of the Will Trust is delayed until his forth-fifth birthday. As such, David, Jr.'s future remainder interest in the principal of the Trusts is protected by a valid spendthrift provision.

The split among state laws identified by the Bankruptcy Court as to the protection of a debtor's future remainder interest in the distribution of a spendthrift trust upon termination of the trust does not support the Bankruptcy Court's conclusion that the principal here is unprotected because Pennsylvania law alone applies to the instant case. The Bankruptcy Court relied on *Janvier v. Sledge,* 03–02654–8–JRL (Bankr.E.D.N.C. June 23, 2004) and *In re Laughey,* 02–04762–8–JRL (Bankr. E.D.N.C. Nov 26, 2002). But *Sledge* dealt with Kentucky rather than Pennsylvania law. Although Kentucky and Pennsylvania statutes similarly define spendthrift trusts, Pennsylvania Courts have held that a properly drafted spendthrift provision will protect a vested remainder interest in the principal of a trust and that conclusion is controlling here. *See Blanchard,* 201 B.R. 108 (Bankr.E.D.Pa.1996). And *Laughey* was based on North Carolina's spendthrift statute, N.C. Gen.Stat. § 36A–115 [1], which differed substantially from the Pennsylvania statute at issue here.[2] The Bankruptcy Court also relied on *O'Neil v. Fleet Nat'l Bank (In re Britton),* 300 B.R. 155 (Bankr.D.Conn.2003), and *In re Crandall,* 173 B.R. 836 (Bankr.D.Conn.1994). But the relevant spendthrift statute for both *Britton* and *Crandall* was Conn. Gen. Stat. § 52–321(a), which on its face does not protect the beneficiary's interest in the corpus of a trust.[3] Pennsylvania's statute

---

**1.** Subsequently repealed and replaced by N.C. Gen.Stat. § 36C–5–502, which is nearly identical to 20 Pa.C.S.A. § 7742.

**2.** Under N.C. Gen.Stat. § 36A–115 there were three categories of three trust categories that operated to restrict beneficiaries' alienation of their interests: discretionary, support, and protective trusts. Discretionary trusts required trustee discretion over distributions; support trusts required disbursements to be expressly for support of the beneficiary; and protective trusts required voluntary and involuntary alienation restrictions and automatic extinguishment of the beneficiary's interest if he or she attempted to alienate, went bankrupt, or if the interest was attempted to be attached by creditors.

**3.** § 52–321(a) protects interests as follows: "If property has been given to trustees to pay over the income to any person, without provision for accumulation or express authorization to the trustee to withhold the income,

is not similarly limited. *See* 20 Pa.C.S.A. § 7741(a)-(b); *Blanchard,* 201 B.R. 108 (Bankr.E.D.Pa.1996).

■ The Bankruptcy Court, in denying Appellees' Motion to Dismiss as to David, Jr.'s remainder interest in the 1976 Trust, stated that "funds in the hands of the debtor after the trust has terminated and its proceeds distributed no longer retain the protection of 541(c)(2)." But the determination as to whether a Debtor's interest will be included in the bankruptcy estate is made at the commencement of the case. *See* 11 U.S.C. § 541(a)(1) ("The commencement of the case ... creates an estate. Such estate is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case."). At the commencement of the case, the principal of the Trusts was protected by spendthrift provisions and not yet subject to disposition by David, Jr. or his creditors.

■ The conclusion that David, Jr.'s remainder interests are excluded from the bankruptcy estate cannot be circumvented by the Court's sense of equity. In its March 30, 2009 Order, the Bankruptcy Court stated "[a] court of equity should not countenance the discharge of significant debt by a debtor who has an absolute right to substantial future income, contingent only on living until is forty-fifth birthday less than a year away." Although the Bankruptcy Court's frustration is understandable, such equitable considerations may not supplant the Bankruptcy Code and Pennsylvania's spendthrift law, which require the exclusion of David, Jr.'s remainder interests in the 1976 Trust and Will Trust from his bankruptcy estate. *See Blanchard,* 201 B.R. at 126; *In re Coleman,* 426 F.3d 719, 726 (4th Cir.2005)

and the income has not been expressly given for the support of the beneficiary or his fami-

(The equitable powers that a bankruptcy court "must and can only be exercised within the confines of the Bankruptcy Code.") (quoting *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988)).

*CONCLUSION*

For the reasons stated above, the judgment of the Bankruptcy Court is hereby REVERSED. David Stroehmann, Jr.'s remainder interests in the principal of both the 1976 Trust and the Will Trust are excluded from his bankruptcy estate. This matter is REMANDED to the Bankruptcy Court for further proceedings consistent with this order.

ly, the income shall be liable in equity to the claims of all creditors of the beneficiary."